No. 10,940.

THE STATE OF LOUISIANA VS. JAMES LYONS ET AL.

After the testimony in chief for the State and the defence has been taken, and a witness for the State had testified in rebuttal, the defendant did not have the legal right to offer witnesses to rebut the testimony given in rebuttal by the State, unless in exceptional cases.

It is a matter in the discretion of the judge.

It was a privilege asked which the court could refuse.

APPEAL from the Thirteenth District Court, Parish of Acadia. Lewis, J.

W. H. Rogers, Attorney General, for the State, Appellee.

Defendants and Appellants unrepresented in the Supreme Court.

The opinion of the court was delivered by

BREAUX, J.    James Lyons, Moses Wilson and Scott Wilson were indicted for robbery.

Scott Wilson and James Lyons were convicted, and from a judgment sentencing them to seven years' imprisonment in the penitentiary, they prosecute this appeal.

The case comes up on one bill of exceptions.

During the progress of the trial a *nolle prosequi* was entered as to Moses Wilson. Subsequently he was called to the witness stand as a State witness and testified in chief, that he was not present at the robbery charged in the indictment, and did not participate in the crime charged.

After this witness had been examined, the accused in rebuttal of said testimony called the prosecuting witness—the one upon whom it was charged the robbery had been committed—for the purpose of showing that Moses Wilson was present and aided in robbing the witness and that he had sworn falsely.

The witness was not permitted to answer the questions propounded.

The defendant, through counsel, reserved a bill on the ground that the testimony was admissible, as it was in rebuttal.

The trial judge's statement shows that the State had closed its case in chief against all of the accused.

That the accused had testified and closed their case.

That it was at that time the District Attorney entered a *nolle prosequi* as to Moses Wilson, one of the defendants, and placed him on the stand as a witness for the State in rebuttal of the evidence given by the other two defendants.

That after he had testified, the defendants called the prosecuting witness for the purpose of impeaching the testimony of Moses Wilson.

That this witness had stated three or four times in his examination in chief that Moses Wilson was present and took part in commiting the robbery.

That the contradiction was plain, and the witness was questioned, says the trial judge, for no other purpose than to make him repeat a declaration he had previously made several times before the jury, and that it was not in rebuttal, but a useless repetition of testimony.

The defendants had no legal right to examine witnesses for the purpose of rebutting the testimony given in rebuttal by the State.

The trial judge properly exercised the discretion with which he is entrusted.

The defendants have not been deprived of any of their legal rights by refusing to hear evidence already heard.

The accused have not shown any ground upon which they can be relieved.

Judgment affirmed.