PROVO STY, J.
Defendant was tried for murder and convicted of manslaughter, and sentenced to the penitentiary.
He complains that the state was allowed to introduce as rebuttal evidence what in *531 reality was simply cumulative evidence. In other words, that the fatal shot having been fired by some member of a crowd, and the question being whether defendant or some other member of the crowd had fired it, the state was allowed to introduce additional evidence of the shot having been fired by defendant after defendant had introduced evidence to show that it had been fired by some one else.
The manner of the homicide is not stated in the bill. It was said by counsel for defendant, in the oral argument, to have been that trouble arose in a crowd of negroes, some of whom began firing at each other, and one of the shots killed a bystander. The bill states that the prosecution produced three witnesses who testified that the defendant had fired the fatal shot, and also produced the sheriff, who testified to “other facts” (other facts not stated), and that the defendant then produced one witness who testified that one Sharp had fired the fatal shot; and that the state thereupon recalled the sheriff to prove that defendant had confessed to him to having fired the fatal shot, and that defendant objected to this testimony of the sheriff being received as rebuttal evidence, and that, the evidence having been admitted over defendant’s objection, defendant offered to prove by other witnesses what it was that he really did say to the sheriff, and that the court refused to receive this further evidence as being surrebuttal, and as such not allowable. In his per curiam the judge says that he and the district attorney do not remember that such surrebuttal evidence was tendered. In the absence of positive denial that surre-buttal evidence was tendered, this court has to accept the statement of the bill that it was tendered.
We agree with defendant that the confession was cumulative, and not rebuttal evidence, and that the prosecution was without right to offer it after having closed its evidence in chief. Without attempting a scientific definition of rebuttal evidence, we will say, in a general way, that it is that evidence which has become relevant or important only as an effect of some evidence introduced by the other side (Wigmore on Ev. p. 2474); and, since nothing could be more relevant in a criminal case than the confession of the accused, there can be no doubt that such confession must either be produced as part of the evidence in chief or not at all.
This does not mean that the judge cannot in his discretion allow evidence to be introduced at any time before argument; but, when the judge does this, the evidence is admitted as in chief, and the other side has the right to rebut. The administration of justice should not suffer from any slips of the prosecution, if there is yet time to repair them; and doubtless in the instant case the act of the judge in allowing the evidence to be offered was wise, but the evidence should have been thus allowed as evidence in chief, and not as rebuttal; that is to say, the defendant should have been allowed to rebut it.
So long as the rule shall prevail in this state that a defendant cannot of right rebut rebuttal evidence (State v. Gonsoulin, 38 La. Ann. 459; State v. Lyons, 44 La. Ann. 106, 10 South. 409; State v. Spencer, 45 La. Ann. 1, 12 South. 135; State v. Boswell, 45 La. Ann. 1158, 14 South. 79), the prosecution will have to be confined strictly in rebuttal to rebuttal evidence proper. Otherwise, by an elastic appreciation of what is and is not rebuttal, an accused might be deprived of his constitutional right to be heard before being condemned. And the present case is a good illustration of that fact. The presumption is that the prosecution offered to prove this confession because it thought that, without it, the ease would not have been made out beyond a reasonable doubt; hence, the presumption is that the defendant was convicted on this confession. If so, and if he *533 was denied- the right to prove that he had never made any such confession, he was condemned without a hearing.
Judgment and verdict set aside, and case remanded to be proceeded with according to law.