**17 So.2d 331**

**STATE v. MONROE.**

No. 37384.

Feb. 7, 1944.

Rehearing Denied March 13, 1944.

R. L. Williams, of Arcadia, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., Fred L. Jackson, Dist. Atty., of Houma, and Wayne Stovall, Asst. Dist. Atty., of Jonesboro, for appellee.

ROGERS, Justice.

Tena Monroe was indicted and tried for the murder of Ruby Wafer. She was found guilty of manslaughter and has appealed from her conviction and sentence of three years' imprisonment in the State penitentiary thereunder.

Both parties to the homicide were negro women. The record presents for review four bills of exception embracing two complaints.

■ . Defendant's first complaint is that the trial judge erred in sustaining the objection of the district attorney to the following questions propounded by counsel for defendant to Willie Nelson, one of defendant's witnesses: "Do you know the strength of Ruby Wafer?" This question was objected to by the district attorney for the reason that Willie Nelson, a negro man, who was confined in the parish jail and who had lived for only a short time in the Town of Ringgold, where the homicide occurred, was not an expert and that the question called for the opinion of the witness. The question was propounded to the witness after the jury had been withdrawn. After completion of the argument of counsel as to the admissibility of the testimony, the jury was recalled to the courtroom and counsel for defendant sought permission to propound the question to Willie Nelson in the presence of the jury, to which objection was made by the district attorney and sustained by the trial judge.

The witness, Willie Nelson, and several other witnesses for the defendant, testified without objection as to weight, age and size of the deceased, as well as to the weight, age and size of the defendant. The objection of the district attorney was properly sustained for the reason that even if Willie Nelson were an expert, which he clearly was not, the question did not call for an expert opinion. It was a question of fact within the province of the jury to decide. Article 463, Code Crim.Proced.; State v. Brown, 166 La. 43, 116 So. 588. Ample evidence was before the jury as to the relative weight, size, age and condition of the deceased, as well as of the defendant, to enable the jurors to determine for themselves, and not from the opinion of any witness, that the deceased was much larger and stronger than the defendant.

■ The request of counsel for defendant for permission to ask the witness the same question in the presence of the jury was likewise properly denied by the trial judge. The mere asking of a question without the answer being admissible can not be considered as evidence and does not constitute proof of any fact that should be submitted to the jury.

Defendant's next complaint is that the trial judge erroneously admitted, over objection, certain testimony offered in rebuttal by the State. The testimony objected to was admissible according to the statements contained in the per curiam attached to each of the several bills of exception reserved by the defendant. These statements by the trial judge disclose that the witnesses for the State testified on their examination in chief that Tena Monroe attacked Ruby Wafer with a knife and killed her instantly on the street in the Town of Ringgold. Ruby Wafer did not have in her possession a dangerous weapon of any kind and did not see Tena Monroe until she was attacked. The defense offered by Tena Monroe was that Ruby Wafer came from across and out of the street and onto the sidewalk and attacked her. All of the witnesses for Tena Monroe so testified. The State called in rebuttal L. L. Smith and J. Q. Pilgrim who had testified in chief on behalf of the prosecution. Smith and Pilgrim, both white men, were eye-witnesses to the tragedy. When recalled as rebuttal witnesses, they testified that Ruby Wafer, the deceased, did not come across and out of the street just prior to the homicide and attack the defendant. In a criminal prosecution the State does not and can not know what the defense to the charge will be until it is presented on the trial of the case and for that reason the State is given the right to rebut the evidence adduced by the defendant. Article 378, Code Crim.Proced.

Rebutting evidence is that which is offered to explain, repel, counteract or disprove facts given in evidence by the adverse party. State v. Hemler, 157 La. 902, 103 So. 257.

It is rebuttal, not impeaching, to show that the statement of the witnesses as to what occurred is not true. State v. Foster, 150 La. 971, 91 So. 411. And contradiction is one of the means of rebutting the testimony of a witness produced by the defendant in a criminal prosecution as the State can not contradict the testimony of a witness for the defendant until the testimony is offered in defendant's behalf on the trial of the case. State v. Blount, 124 La. 202, 50 So. 12.

The fact that Smith and Pilgrim were examined in chief as witnesses for the State furnishes no reason for the exclusion of their testimony in rebuttal tending to specifically contradict statements made by defendant's witnesses on their direct or cross-examination.

For the reasons assigned, the conviction and sentence appealed from are affirmed.