270 So.2d 506

STATE of Louisiana

v.

Dr. Paul M. CAMPBELL.

No. 52381.

Nov. 28, 1972.

Rehearing Denied Jan. 9, 1973.

L. G. Campbell, Bossier City, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Charles A. Marvin, Dist. Atty., Glenn F. Armstrong, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM:

Defendant, Dr. Paul M. Campbell, was charged, tried and convicted of the crime of abortion, denounced by LSA–R.S. 14:87, and sentenced to serve three years in the State Penitentiary. During the trial, defendant reserved sixteen bills of exceptions; however, for this appeal he has perfected only six bills on which he relies for a reversal of the conviction and sentence.

Defendant reserved his first bill of exceptions when the trial judge overruled his motion to quash the Bill of Information, predicated on the alleged unconstitutionality of LSA–R.S. 14:87, the abortion statute. The motion to quash alleged:

"Article 87 of the Criminal Code of Louisiana is violative of the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States of America's Constitution, and is an unwarranted invasion of the private rights of a female person."

■ In his *Per Curiam,* the trial judge notes that the constitutional issue in the lower court was whether the state had a compelling reason to impose restrictions on a woman's right to have an abortion or whether it was a fundamental freedom immune from state interference. Relying upon two recent decisions of this Court, State v. Scott, 260 La. 190, 255 So.2d 736 (1971), and State v. Pesson, 256 La. 201, 235 So.2d 568 (1970), the trial judge overruled the motion to quash. Under these decisions, the ruling of the trial judge is correct.

In this Court, the defense asserts that the statute is unconstitutional because of vagueness and overbreadth. The motion to quash did not allege these grounds of unconstitutionality. Hence, we disregard them here.

■ It is well settled that the grounds. for the unconstitutionality of a statute must be specially pleaded in the trial court. to be available on appeal. See State v. Broussard, 263 La. 342, 268 So.2d 248 (1972); State v. Kavanaugh, 203 La. 1, 13 So.2d 366 (1943). See also City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930).

Bills of Exceptions Nos. 4, 5 and 6 raise a serious legal question.

After the close of defendant's case, the state called to the stand on rebuttal Mrs. Marjorie Marsiglia, a party other than the alleged victim, who testified as follows:

"Q. Have you ever had an abortion, Mrs. Marsiglia?

"A. Yes, I have had.

"Q. Who performed the abortion, Mrs. Marsiglia?

"A. Dr. Paul Campbell.

"Q. Please tell me when he performed. it.

"A. December 31st, 1969."

The trial judge states in his Per Curiam that this testimony was permitted for the purpose of rebutting Dr. Campbell's statement that he examined the alleged victim on the date charged, that she had already aborted, and that he administered medical treatment to stop the bleeding. In effect, Dr. Campbell denied doing the acts that constitute an abortion.

■

■ In the present case, evidence of other abortions was admissible for the purpose of proving intent. LSA–R.S. 15:441, 445, 446; State v. Pesson, supra, and the cases therein cited. The State has the burden of proving intent. Hence, ordinarily, the evidence forms part of the State's case in chief.

In State v. Monroe, 205 La. 285, 17 So. 2d 331 (1944), this Court defined rebutting evidence as follows:

"Rebutting evidence is that which is offered to explain, repel, counteract or disprove *facts* given in evidence by the adverse party." (Italics ours).

■ Hence, only when the defendant has adduced affirmative evidence to negate intent does evidence of other abortions become proper rebuttal. Denial of the criminal act is insufficient. The trial judge erroneously concluded that the denial of the criminal act, when considered with the admission of medical treatment, amounted to evidence of intent sufficient to open the door to this type of rebuttal.

We hold that the admission of the extraneous offense on rebuttal was improper. The evidence contradicted no facts advanced by defendant. Rather, it gave the State a second chance to prove intent through the use of an extraneous offense.

■ We have no difficulty in also concluding that the ruling prejudiced the substantial rights of the defendant. LSA–R. S. 15:282 prohibits the defendant from responding to the State's rebuttal. Hence, the evidence stood uncontradicted for the jury's consideration. The ruling constitutes reversible error. LSA–C.Cr.P. Art. 921.

For the reasons assigned, the conviction and sentence are reversed, and the case is remanded for a new trial.