337 So.2d 455 (1976)
STATE of Louisiana
v.
Leonard TURNER and Bobby Glover.
No. 57674.
Supreme Court of Louisiana.
September 13, 1976.
*457 Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, James W. Mills, III, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
TATE, Justice.
The defendants Turner and Glover were convicted of armed robbery, La.R.S. 14:64, and sentenced as multiple offenders, La.R.S. 15:529.1, respectively to ninety-nine years and to seventy-five years at hard labor. Upon their appeal, their most substantial contention (and one in which we find reversible merit) is presented by Assignments of Error Nos. 5, 6, and 7:
The state introduced highly prejudicial testimony in improper rebuttal. Moreover, this testimony was independently inadmissible since it involved an inculpatory statement of a defendant which the state introduced without having given pre-trial notice of its intent to do so, as required by La.C.Cr.P. art. 768.
Factual context of this contention
At the trial on the merits, the state's case in chief was as follows:
The manager and barmaid of a lounge testified as to the robbery of them and their customers. They identified the two defendants as the robbers, and they also identified certain objects as items stolen therein and a shotgun which appeared to be the one used in the robbery. Two police officers testified that these physical objects had been found in the defendant Turner's possession at the premises of Miss Barbara McDonald.
The state's case in chief did not consist of any evidence as to a confession or inculpatory statement by either defendant. Miss McDonald was not called by the state as a witness in its case in chief.
The defense called two witnesses. Their testimony was solely to the effect that the defendant Glover was at his home during the entire time of the robbery.
"Rebuttal" testimony of an inculpatory statement

The state then called Miss Barbara McDonald as a rebuttal witness. Defense counsel immediately requested the court to instruct the prosecutor to propound only questions to rebut the alibi testimony introduced by him as the entire defendants' case. Thereafter, the defendants consistently objected to questions which went beyond the scope of such rebuttal, and their objections were overruled. To save time, the trial court finally ordered that the objection be made general as to all subsequent questions of the witness. Tr. 123.
The witness then testified that the defendant Turner gave her the rings and, over further special objection, told her that "He had got them at the Afro Lounge" (which location had previously been identified as the place of the robbery charged). (The prosecutor's questions had directly elicited from the witness her testimony as to if Turner had told her where he got the rings, and what information as to their source he had given her.)
Defense counsel reiterated his objection to this testimony as outside the proper scope of rebuttal (since presenting as "rebuttal" evidence part of the state's case not introduced in its case in chief, and since not rebutting any defense evidence). Additionally, defense counsel objected to this evidence as being testimony of an inculpatory statement introduced by the state, without any advance notice of its intention to do so as required by La.C.Cr.P. art. 768.[1] Defense counsel also moved for a mistrial.
*458 The trial court denied the motion for a mistrial, but it sustained the objection to the question. The trial court then admonished the jury (over the defendant's further objection that an admonition was insufficient to cure the prejudice) "to disabuse your minds from that question and answer, as though it had not been asked or answered."
The defendant reiterated his objection to the remaining testimony of this witness as improper rebuttal, but these objections were likewise overruled. (This further testimony concerned the circumstances of her turning over to the police certain jewelry she had received from the defendant, amplifying the state's evidence in chief that the items had been found at her premises along with the defendant.)
Legal principles applicable
(1) Rebuttal testimony:

The state may not reserve part of its case-in-chief for rebuttal testimony, after the defense has put on its case and when it can no longer present evidence to rebut the state's case. This is contrary to statute, to ancient jurisprudence, and to rules of fair play. La.R.S. 15:282; State v. Snoddy, 332 So.2d 800 (La.1976); State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972); State v. Davis, 246 La. 383, 164 So.2d 589 (1964); 2 Marr's Criminal Jurisprudence of Louisiana, Section 633 (1923).
In State v. Monroe, 205 La. 285, 17 So.2d 331, 332 (1944), we noted: "Rebutting evidence is that which is offered to explain, repel, counteract, or disprove facts given in evidence by the adverse party." (Italics ours.) Again, in State v. Smith 120 La. 530, 532, 45 So. 415 (1908), we noted that rebuttal evidence is "evidence which has become relevant or important only as an effect of some evidence introduced by the other side."
In the present instance, the testimony offered in rebuttal was clearly improper for such purpose. The testimony offered by the defense sought only to prove the fact of an alibi as to one of the defendants, and the state's evidence thereafter offered did not rebut this factual issue. State v. Major, 318 So.2d 19 (La.1975). The state's "rebuttal" evidence sought to prove, for the first time, that one of the defendants had made a statement of an inculpatory naturethe evidence was independent proof of guilt of an extremely damaging nature, which properly formed part of the state's case in chief.[2]
The decisions cited demonstrate two kinds of prejudice which may be sustained by a defendant through the admission in state rebuttal of evidence which should be introduced during the state's case in chief:
(1) Since in Louisiana "the defendant is without right to rebut the prosecutor's rebuttal", La.R.S. 15:282, the defendant may be prejudiced by the denial to him of an opportunity to defendant against new issues; and
(2) The production of strong prosecution evidence in chief after the defendant rests his case may unfairly emphasize the prosecution's "rebuttal" evidence, contrary to the legislatively intended order of proof, La.C.Cr.P. art. 765(5), designed from ancient experience to assure fairness in our criminal trials.
The first type of prejudice may often be cured. If the trial court exercises its discretion to permit the state to offer in rebuttal material evidence inadvertently omitted from its case in chief, the prejudice thereby caused may normally be avoided by the trial court's permitting the defendant to introduce additional evidence to defend against the new issue thereby raised. La.C. *459 Cr.P. art. 765(5). See State v. Scott, 320 So.2d 528 (La.1975). Further, the failure of the defendant to request such reopening of the evidence in order to avoid such prejudice may under some circumstances be presumed to indicate that prejudice of this type is not presented for review. State v. Johnson, 141 La. 775, 783, 75 So. 678 (1917); State v. Smith, 120 La. 520, 532, 45 So. 415 (1908).
The second type of prejudice is sometimes incurable. Whether reversible error has resulted may depend upon the nature of the new evidence offered by the state for the first time in improper rebuttal. Improper rebuttal with regard to a peripheral issue may be regarded as harmless. State v. Major, 318 So.2d 19 (La.1975). To the contrary, however, if the evidence injects an entirely new issue which should have been an important part of the state's case in chief, State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972), or if it unfairly places extreme weight on a part of the state's evidence which should have been introduced in the case in chief, cf. State v. Davis, 246 La. 383, 164 So.2d 589 (1964).
Under the second principle, we have determined that the present is one of those extreme cases where the admission of improper rebuttal evidence constitutes reversible error, for the following reasons:
The evidence of the inculpatory statement was independently inadmissible (see subdivision 2 following). Further, the evidence was to an issue entirely different from those produced in the state's case in chief, and it was of such importance to proof of guilt that it should almost always form an important part of the state's case in chief (see footnote 2 above). Finally, no reason is indicated for its delayed introduction until rebuttal except a deliberate state attempt to obtain undue prejudicial advantage of the defendant by having the jury hear it after the defense case had entirely rested.
As stated at 2 Marr's Criminal Jurisprudence of Louisiana, Section 623, p. 967 (footnotes omitted) (1923), summarizing jurisprudential principles: "Under ordinary circumstances, in common fairness to an accused, the State should offer at once all the evidence that it has and not reserve its real or main attack until after defendant has closed; that is to say, the right to rebut must be limited to rebutting testimony; but this rule cannot always be enforced with cast-iron inflexibility, and must yield in its application to the sound discretion of the trial Judge, whose ruling will not be disturbed except in extreme cases, as where the evidence has been kept back deliberately and for the purpose of deceiving and obtaining an undue advantage of defendant." (Italics ours.)
(2) Inculpatory statement independently inadmissible:

The state may not introduce an inculpatory statement without giving prior notice to the defendant of its intent to do so. La.C.Cr.P. art. 768. The purpose of the pre-trial notice is to afford the defendant a fair opportunity to plan and present his defense in the light of this extremely damaging type of evidence. State v. Sneed, 316 So.2d 372 (La.1975).
In the present case, no notice of intent to introduce the inculpatory statement was ever given. The defendants could properly rely on the absence of any such evidence in conducting their defense, which (aside from alibi) was through cross-examination of the state witnesses to cast doubt on the identification of the defendants as the robbers and of the physical evidence as connected with the robbery.
The trial court properly ruled that the inculpatory statement was of a nature that required this pre-trial notice and sustained the defense objection to it.
On appeal, the state for the first time contends that the evidence was indeed admissible as part of the res gestae. La.R.S. 15:447, 448. However, the inculpatory statement of the witness, two hours after the robbery, of where a defendant had obtained the rings he gave was not part of the res gestae.
State v. Curry, 263 La. 997, 270 So.2d 484 (1972), relied upon by the state, is distinguishable. *460 The evidence there held admissible as res gestae concerned a threat in concealment of the crime made by the accused, as an immediate concomitant of it.
In the present case, the evidence cannot be justified for such reasons as admissible. The res gestae does not include "the words of the participants when narrating the events". La.R.S. 15:447. The present evidence offered as res gestae does not, as argued, include res gestae acts or words after the crime has been completed which were "necessary incidents of the criminal act, or immediate concomitants of it" and which did "form in conjunction with it one continuous transaction", La.R.S. 15:448.
The state, however, alternatively contends that any prejudice thereby caused was cured by the trial court's admonition to the jury to disregard the question and answer.
The inadmissible evidence, for the first and only time during the trial, informed the jury that a defendant allegedly had admitted taking the rings during the robbery charged. Under these circumstances, concerning the totally inadmissible and highly prejudicial evidence that the defendant himself had inculpated himself, it is unrealistic to assume that the trial court's admonition to the jury to forget having heard such evidence could humanly be respected.
Further, under the present circumstances, to hold that the admonition cured any prejudice caused by highly damaging evidence of guilt is to permit prosecutorial evasion of the two legislative principles (rebuttal evidence only/notice of intent to use inculpatory statements) designed to assure fairness in criminal trials by reason of which the evidence was inadmissible.
The error presents a substantial violation of the statutory rights of the accused designed to assure them a fair trial, and it cannot be disregarded as harmless. See La.C.Cr.P. art. 921.
Other Assignments Argued
Of the other assignments of error, only an issue presented by Assignment Nos. 1 and 3 may recur in any retrial: Was physical evidence (objects stolen in the robbery and a weapon allegedly used therein) the product of an illegal search?
The objects were seized as a result of a warrantless search of Miss McDonald's premises at the time of Turner's arrest. Miss McDonald and a police witness testified that the search was with her consent, after the police came to her door to arrest Turner (who was a temporary visitor sleeping in her bedroom). As a result of the search, the police found the stolen objects and the weapon.
The testimony of Turner that Miss McDonald's consent was coerced was denied by that lady and by the police officer. The trial court accepted their testimony as credible. A trial court's evaluation of credibility will not be disturbed on review in the absence of clear error. We find none here.
A valid search without a warrant may be made with the consent of an owner of the premises who possesses sole or common authority over the area searched. State v. Rogers, 324 So.2d 403, 413 (La. 1975); State v. Johnson, 319 So.2d 786 (La. 1975). See also: United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
We find no merit to the assignments of error insofar as based on the illegal search. (We do not pass on the merits of the objection to the relevancy of other jewelry or weapons introduced into evidence but not identified with the present offense charged.)

Decree
Accordingly, for the reasons assigned, we reverse the defendants' convictions and sentences, and we remand this case for a new trial in accordance with law.
REVERSED AND REMANDED.
SANDERS, C. J., and SUMMERS, J., dissent.
NOTES
[1] La.C.Cr.P. art. 768 provides:

"If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence."
In State v. Sneed, 316 So.2d 372, 375-77 (La.1975), we set forth the purpose and intent of this statutorily-required notice, mandated in the interests of a fair trial procedure.
[2] In reversing in State v. Smith, 120 La. 530, 532, 45 So. 415 (1908), we noted also that "since nothing could be more relevant in a criminal case than the confession of the accused, there can be no doubt that such confession must either be produced as part of the evidence in chief or not at all." Of course, a confession or an inculpatory statement may be independently admissible in rebuttal, such as being proof of a prior contradictory statement if the accused takes the stand in his defense and denies having made it. State v. Scott, 320 So.2d 538 (La.1975).