355 So.2d 1314 (1978)
STATE of Louisiana
v.
Revert WESTERN.
No. 60586.
Supreme Court of Louisiana.
March 8, 1978.
*1317 Clyde D. Merritt, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Sheila C. Myers, Asst. Dist. Attys., for appellee.
SANDERS, Chief Justice.
A grand jury indicted the defendant, Revert Western, for murder and aggravated rape, violations of LSA-R.S. 14:30 and 14:42. A jury found him guilty as charged. The court sentenced him to two consecutive life sentences.
The defendant appeals. He relies on twenty-one assignments of error for reversal of his convictions and sentences.
We adduce the following context facts:
The defendant and his accomplice gained access to Beelee Smith's car by thrusting a gun into the driver's window. The rape victim was Smith's passenger. They robbed Smith and held their victims at gunpoint. After dropping his accomplice off, the defendant drove to a wooded area and shot Smith four times in the head. Thereafter, he drove the rape victim to an apartment complex. While wielding a gun, he raped her.
The offenses occurred on January 15, 1972. The trial took place on May 13, 1976.

ASSIGNMENTS OF ERROR NOS. 1, 2, 3, AND 5
The defense contends that the court improperly denied his motion to quash and his motion to elect. He advances three grounds in support of his contention.
Initially, he alleges that the grand jury venire did not include residents of a housing project and individuals who had not registered to vote. To support a challenge made to the composition of a jury venire, the defendant must demonstrate that there has been a systematic exclusion of a class of persons in the selection of the jury panel, or that the State has failed to comply with the statutory procedures for selection of the panel. State v. Taylor, La., 347 So.2d 172 (1977); State v. Haynes, La., 339 So.2d 328 (1976); State v. Jones, La., 332 So.2d 461 (1976).
As he offered no evidence of exclusion of the housing project residents, he has failed to sustain the burden of proof. The State and defense stipulated that, since February, 1975, the jury commissioner chose the venire from registered voters and a small number of volunteers. Other relevant evidence upon which counsel relies is a Loyola University Political Science Department poll which indicates that approximately 20% of Louisianians are unregistered voters; *1318 that an unregistered voter is "more likely to be under thirty years of age, poorly educated, low income, a city dweller, and a resident of the Orleans Metropolitan area"; and that blacks constitute a much higher proportion of unregistered voters than they do of the total adult population. Such evidence does not satisfactorily prove a historic or arbitrary discrimination of an identifiable segment of the community. See State v. Lawrence, La., 351 So.2d 493 (1977); State v. Daigle, La., 344 So.2d 1380 (1977).
Secondly, he contends that several amendments to Code of Criminal Procedure Articles 814 and 817 make it impossible to determine which verdicts were applicable to the prosecution, and thus the defendant was prejudiced in his trial preparations. The court gave counsel the verdicts during voir dire examination, prior to the taking of any evidence. The defendant did not then complain of the allegedly tardy announcement of verdicts or of the verdicts given by the court. As he has failed to establish prejudice, we reject his argument.
Thirdly, he avers that the State improperly joined the murder and aggravated rape charges because the offenses have different classifications and victims and occurred at different times and locations. He also contends that the application of Act 528 of 1975, an amendment to Code of Criminal Procedure Article 493, constitutes an ex post facto law.
That amendment controls the present prosecution and does not violate the prohibition against ex post facto laws. State v. Sepulvado, La., 342 So.2d 630 (1977). The article allows joinder when the offenses " . . . are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; . . ."
The murder and aggravated rape were separate acts constituting parts of a common scheme. Moreover, the joinder did not prevent a fair determination of the defendant's guilt on each offense. See LSA-C. Cr.P. Art. 495.1. The State proved distinct and separate elements of each crime, and presented the evidence so the jury could easily distinguish the proof and the defendant's guilt of each. See State v. Proctor, La., 354 So.2d 488 (1977).
We hold that the court properly denied the motion to quash and the motion to elect.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 4
Prior to voir dire examination, the defendant orally moved for a continuance on the grounds that he wanted to take a polygraph test and wanted a line-up. He contends that the victim saw him while moving to a different courtroom, and, therefore, a line-up would insure a true identification of the assailant by the only eye-witness. The court denied the motion.
An oral motion for a continuance presents nothing for our review. LSA-C. Cr.P. Art. 707; State v. Walker, La., 344 So.2d 990 (1977); State v. Tennant, 262 La. 941, 265 So.2d 230 (1972). Assuming arguendo that he properly presents his contention, we conclude that the court properly denied the motion. Polygraph tests are inadmissible, and the defendant made no evidentiary showing that the victim saw or recognized him while changing courtrooms. See State v. Davis, La., 351 So.2d 771 (1977).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
The defense alleges that the court improperly selected the jury venire by calling them in the order listed on the jury list.
In State v. Hoffman, La., 345 So.2d 1 (on rehearing, 1977), we reversed because this procedure violated Louisiana Code of Criminal Procedure Article 784 which requires that the jury panel be drawn indiscriminately and by lot in open court. However, we gave our ruling prospective application only. As this jury panel was drawn prior to Hoffman's finality, we reject his allegation.
This assignment of error is without merit.

*1319 ASSIGNMENT OF ERROR NO. 7
Officer Knight testified that the victim described her assailant as wearing a long, dark overcoat, but that she was unable to describe his pants or shirt. When defense counsel asked if the victim described his shoes, the State objected to this "line of questioning" on the basis that the victim's testimony would be the best evidence of her description. Defense counsel countered that this information was necessary for him to test the victim's description on cross-examination. The court sustained the State's objection.
Assuming error, the defendant was not prejudiced. LSA-C.Cr.P. Art. 921; State v. Alexander, La., 351 So.2d 505 (1977). On recross, defense counsel elicited the very information which was the subject of the objection: the victim did not describe her offender's shoes. In addition, he learned that she told Officer Knight that he was a thin, black man with no facial hair, an afro haircut, and that he was five feet, eight inches tall.

ASSIGNMENT OF ERROR NO. 8
On direct, Officer Knight testified that two years after the offense Houston officers notified him that they had the defendant in custody. On cross, he stated that he went to Houston. On redirect, the State asked if he brought the defendant back from Houston. The defendant objected to it as irrelevant. The State and defendant disagreed as to whether Officer Knight testified that he was in Houston, and the court stated:
"Answer the question, sir. I remember that." [Vol. 2, p. 155.]
The defense moved for a mistrial, alleging that the court commented on the evidence. The court denied it.
The judge may not comment on the facts of a case in the presence of the jury. LSA-C.Cr.P. Art. 772. The judge's statement that he remembered prior testimony, without stating such testimony, is not a comment on the facts. In any event, the statement made in the ruling was not prejudicial, See State v. Guillot, La., 353 So.2d 1005 (1977).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 9
When the defense counsel cross-examined the victim, he attempted to shake her positive identification of the defendant. On redirect, the State asked if she would identify the defendant if she "were not sure he was the one." [Vol. 2, p. 217.] Defendant objected on the ground that the question was one exclusively for the jury. The court overruled it.
The question was designed to test the strength of the identification. It was proper redirect examination as the witness explained her testimony given on cross-examination. LSA-R.S. 15:281; State v. Hollingsworth, La., 337 So.2d 461 (1976). The court properly overruled defendant's objection.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 10
The State introduced S-2, a picture of the murder victim at the scene of the crime. The defendant stated that he had no objection. However, when the jury viewed the exhibits, the defendant asked that S-2 be called back, stating that the jury should not see the "trauma of the picture." [Vol. 2, p. 226.] The court overruled the objection and the defendant assigns it as error.
In State v. James, La., 339 So.2d 741 (1976), we treated a similar situation as follows:
"The general rule is that the trial jury is entitled to view photographic evidence introduced during the trial. In its factfinding and guilt determination function, it is entitled to the benefit of all the evidence.
"Thus, the trial judge did not err in allowing the jury to see the photographs. The defense arguments more properly relate to the admissibility of the photographs. The arguments, of course, are not viable since the photographs were *1320 admitted into evidence without objection."
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 11
The defense called the defendant's sister as a witness. The State objected on the basis that she was present during the entire trial, and thus violated the court's sequestration order. Defense counsel explained that he did not summon her as a witness because he did not know the defendant had a sister. The judge allowed counsel to question her out of the presence of the jury for purposes of his ruling. She testified that the defendant always wore a moustache and an afro haircut. The court refused to allow her to testify.
The object of sequestration is to encourage development of the true facts by preventing witnesses from being influenced by the testimony of other witnesses and by protecting the role of cross-examination. State v. Holmes, La., 305 So.2d 409 (1974); State v. Raymond, 258 La. 1, 245 So.2d 335 (1971). The trial court has the discretion to disqualify a witness for non-compliance with the order of sequestration. State v. Calloway, La., 343 So.2d 694 (1976); State v. Holmes, supra; State v. Williams, La., 271 So.2d 857 (1973). The ruling of the trial judge is entitled to great weight.
The defendant's sister was present during the trial and heard all evidence, including the critical testimony of the victim. The defendant's object was to discredit the victim's identification that he had no facial hair and had a flat top haircut. His sister's description was that he always wore a moustache and an afro haircut, a direct contradiction of the victim's testimony, which she had heard. Moreover, the defendant's mother and girlfriend testified that he had a moustache and an afro haircut. Under the circumstances, we find no abuse of discretion.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 12
The State asked the defendant's mother why she failed to tell someone that her son was innocent and that he had an alibi witness. Defense counsel immediately stated:
"I haven't objected before, I will now, Your Honor." [Vol. 2, p. 261.]
The court overruled his objection.
An assignment of error based upon an objection without an identified basis presents nothing for our review. LSA-C. Cr.P. Art. 841; State v. Sosa, La., 328 So.2d 889 (1976); State v. Powell, La., 325 So.2d 791 (1976).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 13
The defendant's alibi was that he was recuperating from surgery at Dew Drop Inn with his girl friend at the time of the offenses. The owner of the hotel, Mrs. Painia, testified that there were no motel records for the dates surrounding the offenses.
When the defense offered the Dew Drop Inn's books into evidence, the State objected to their admission as irrelevant. The court sustained the objection and the defendant now complains of the ruling.
This Court will not disturb a trial judge's ruling on relevancy absent clear error. State v. Ownes, La., 301 So.2d 591 (1974), and the cases cited therein. We find no such abuse. Evidence of the defendant's alibi is relevant, but evidence which admittedly has no probative value is irrelevant. LSA-R.S. 15:441. Mrs. Painia testified that the books did not cover the dates in question, the same fact the jury would have discovered had they viewed the books.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 14
The defendant's mother testified that the victim told her that the name of the rapist was Revert and that she would pray to God to change her testimony because she had a son of her own. She also testified that the victim never said she was positive about her *1321 identification. On rebuttal, the State questioned the victim about what she told Mrs. Western. Defense counsel objected on the basis of improper rebuttal.
Rebuttal evidence is that which explains, repels, counteracts, or disproves facts given in evidence by the adverse party. State v. Turner, La., 337 So.2d 455 (1976); State v. Monroe, 205 La. 285, 17 So.2d 331 (1944). The victim testified that she told Mrs. Western that her son raped her and that she was positive about her identification. The victim's testimony was proper rebuttal since it contradicted the facts presented by defendant's mother.
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 15 AND 16
In closing argument, the Assistant District Attorney stated: ". . . In the part of [defense's] opening statement where he said you will learn that it will be impossible for Mr. Western to have committed the rape because he was impotent." [Vol. 1, p. 46.]
Defense counsel objected, denying that he had said that. The court overruled it.
At the beginning of his closing argument, defense counsel requested that his opening statement be transcribed for use in that argument. The court denied the request.
He now complains of these rulings.
There is no factual basis for his initial objection. In his opening statement he twice alluded to the defendant's physical incapacity to commit the crime. Moreover, as the remarks concerning the lack of evidence, they were proper argument. LSA-C.Cr.P. Art. 774.
Similarly, we find that the court properly denied his request to have his opening argument immediately transcribed. He neglected to apprise the judge in advance of his special need for it, and he has failed to demonstrate prejudice resulting from the court's ruling. The court reporter has subsequently transcribed it for the record.
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 17 and 18
The defendant contends that the court erred in overruling two objections raised during the State's rebuttal closing argument.
The Assistant District Attorney stated that defense counsel knew that polygraph tests are inadmissible when he requested the State to administer one to the defendant. Defense counsel objected on the basis that the remarks went beyond the evidence. The court overruled it.
Before a verdict is set aside on the ground of improper argument, this Court must be thoroughly convinced that the remarks influenced the jury, and that the remarks contributed to the verdict. State v. Davis La., 353 So.2d 275 (1977); State v. Lee, La., 340 So.2d 180 (1976); State v. Owens, La., 338 So.2d 645 (1976). The defendant has failed to so convince us.
Secondly, he avers that he was entitled to an admonition or a mistrial when the State said that the defendant was stabbed while in parish prison and that he was a heroin addict. The court refused both, and in ruling noted that this evidence was contained in defense Exhibit No. 1, Charity Hospital records; that D-1 was already admitted into evidence and seen by the jury; that counsel had twenty minutes to peruse D-1 for the purpose of excluding any prejudicial information from the jury. Obviously, defendant did not exclude the evidence complained of.
The court properly denied the defendant's requests. When the defense introduces evidence, the State is entitled to comment upon it.
These assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 19, 20, AND 21
These arguments concern the jury charge, more specifically, the failure of the *1322 judge to give the charge as written and the denial of his requests for special charges.
The record does not contain the full charge as given by the court. Thus, we are unable to compare the charge given to the written charge in order to ascertain if the court violated Louisiana Code of Criminal Procedure Article 801.
From a transcribed discussion between the court and counsel we are able to treat his arguments concerning special charges. A review of that portion of the record and the special charges submitted indicates that the court properly refused them. Each failed to comply with the requisites of Louisiana Code of Criminal Procedure Article 807: that the special charge be wholly correct and pertinent, that it not require qualification, limitation, or explanation, and that it was not included in the general charge.
These assignments of error are without merit.
For the reasons assigned, the defendant's convictions and sentences are affirmed.
DIXON, J., concurs.
DENNIS, J., concurs (with reasons).
DENNIS, Justice, concurring.
The trial judge cannot exclude the testimony of a witness for disobedience of a sequestration order in the absence of particular circumstances such as the consent, connivance, procurement or knowledge of the defendant or his counsel. State v. Jones, 354 So.2d 530 (La.1978). Since the excluded witness was defendant's sister, the defendant must have had knowledge of her presence in the courtroom during the trial. Under these circumstances, I agree that the trial judge had the discretion to refuse to allow her to testify.
I respectfully concur.