396 So.2d 1294 (1981)
STATE of Louisiana
v.
Reginald GATLIN.
No. 80-KA-1882.
Supreme Court of Louisiana.
April 6, 1981.
*1295 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph Roy, and Wiley Dial, Asst. Dist. Attys., for plaintiff-appellee.
M. Michele Fournet, Asst. Public Defender, for defendant-appellant.
GULOTTA, Justice Ad Hoc.[*]
Defendant appeals from a guilty verdict of aggravated battery arising out of a fight at a park with Charles Ray Carter in East Baton Rouge Parish. In the course of the fight, Carter was struck on the head with a pistol and was shot once in the leg. After the shooting incident, Gatlin left the scene in his sister's car. The defendant was sentenced to six years imprisonment in the custody of the Department of Corrections.
Defendant raises three assignments of error: (1) that the trial judge erred when he refused to permit defendant an opportunity to offer surrebuttal testimony to new issues raised by the State on rebuttal; (2) that the rebuttal evidence was inadmissible as hearsay; and, (3) that the State's rebuttal witnesses violated the sequestration order by *1296 discussing their testimony while sequestered. Finding no merit in any of the assignments of error, we affirm the jury verdict.
The theory of the State's case was that after an initial exchange of harsh words with Charles Ray Carter, the defendant went to a car, retrieved a pistol, and returned to strike and shoot Carter. On the other hand, the defense contended that Carter had produced a pistol during the argument and in the ensuing struggle it had accidentally gone off, striking Carter in the thigh.

ASSIGNMENT OF ERROR NO. 4
The first assignment of error on appeal relates to the testimony of the defendant's sister, Terry Gatlin, who testified on behalf of the defense. She stated that she had driven defendant to the park on the day of the incident, had gone home, but had later returned to the park where she remained seated in her vehicle for some time. Upon being told that her brother was involved in a fight, she then went to the scene where she heard gunfire and saw the victim leaving the vicinity. This witness denied that her brother had come to the car to retrieve a gun and also denied seeing her brother shoot Carter. On cross examination, she was questioned about events preceding the fight and issues collateral to it.
Robin Bell stated in her testimony in chief on behalf of the State that she had seen the fight and had observed Gatlin produce a pistol and shoot Carter. Called on rebuttal by the State after Terry Gatlin had testified, Bell stated that immediately after the shooting she had seen Gatlin's sister crying and heard her say that the defendant "had shot him, or something." The sister had told the defendant "to come on." When questioned on cross examination during rebuttal, Bell revealed that she had first told the assistant district attorney of Terry Gatlin's statements about "five, ten minutes" before testifying on rebuttal. She did not remember telling the police of Terry's statements or so testifying at defendant's first trial.[1] Bell stated further that she had discussed the statements made on rebuttal by her with two witnesses who were seated in the hall awaiting the conclusion of defendant's case. Such conversation was in violation of the trial court's admonition not to discuss the testimony.
Patsy Payne, the State's other rebuttal witness, made no reference to defendant's sister when she testified for the State in chief. On rebuttal, however, she remembered that defendant's sister had stated that defendant "shot Charles Ray Carter." She denied discussing her rebuttal testimony with Bell.
Thereafter, defendant moved to be allowed to rebut Bell and Payne's rebuttal testimony regarding statements allegedly made by Terry Gatlin. Upon being informed by defense counsel that in surrebuttal Terry Gatlin would simply deny making the statements testified to by Bell and Payne, the trial judge denied defendant's request. The judge felt that any such further denials by Terry Gatlin would not be "additional evidence" and would present nothing that had not already been testified to before the jury.
The rule regarding rebuttal testimony was set forth by this Court in State v. Turner, 337 So.2d 455, 458 (La.1976) as follows:
"The state may not reserve part of its case-in-chief for rebuttal testimony, after the defense has put on its case and when it can no longer present evidence to rebut the state's case. This is contrary to statute, to ancient jurisprudence, and to rules of fair play. La.R.S. 15:282, State v. Snoddy, 332 So.2d 800 (La.1976); State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972); State v. Davis, 246 La. 383, 164 So.2d 589 (1964); 2 Marr's Criminal Jurisprudence of Louisiana, Section 633 (1923). In State v. Monroe, 205 La. 285, 17 So.2d 331, 332 (1944), we noted: `Rebutting evidence is that which is offered to explain, *1297 repel, counteract, or disprove facts given in evidence by the adverse party.' (Italics ours.) Again, in State v. Smith, 120 La. 530, 532, 45 So. 415 (1908), we noted that rebuttal evidence is `evidence which has become relevant or important only as an effect of some evidence introduced by the other side'."
In the instant case, the State sought to prove that defendant had retrieved a pistol from his car and shot Carter, whereas the defendant sought to show Carter had been shot in a struggle over his own weapon. The State's rebuttal evidence sought to prove that defendant's sister had made statements supporting the State's position as well as suggesting that the sister had witnessed the shooting.
The rebuttal testimony attempted to impeach the credibility of the sister. However, because defendant's sister had not been asked upon cross examination whether she had made the statements attributed to her by the State's rebuttal witnesses, rebuttal evidence of prior inconsistent statements was not admissible for impeachment on rebuttal. See LSA-R.S. 15:493. We are not impressed with the State's claim that the prosecutor was not aware of the contradiction at the time Terry Gatlin's testimony was offered in chief.
To the extent that the rebuttal testimony produced statements linking defendant to the crime, that testimony did not offer evidence that had become relevant "only as an effect of some evidence introduced by the other side." State v. Smith, 120 La. 530, 532, 45 So. 415 (1908). Indeed, the statements made by defendant's sister appeared to be clearly relevant to Gatlin's guilt and those statements should have been produced as part of the evidence in chief. See State v. Smith, supra.
In this connection, this court has noted two kinds of prejudice sustained by an accused through the admission of state rebuttal evidence that should have been introduced during the State's case in chief. In State v. Turner, supra, we pointed out:
"(1) Since in Louisiana `the defendant is without right to rebut the prosecutor's rebuttal', La.R.S. 15:282, the defendant may be prejudiced by the denial to him of an opportunity to defend against new issues; and
(2) The production of strong prosecution evidence in chief after the defendant rests his case may unfairly emphasize the prosecution's `rebuttal' evidence, contrary to the legislatively intended order of proof, La.C.Cr.P. art. 765(5), designed from ancient experience to assure fairness in our criminal trials."
The first type of prejudice may be cured by permitting the defendant to introduce, on surrebuttal, additional evidence to defend against the new issue. Whether or not harmless or reversible error resulted depends upon the nature of the evidence offered by the State for the first time in rebuttal. Where the rebuttal evidence injects an entirely new issue that should have been a part of the State's case in chief, or where it unfairly emphasizes a part of the State's evidence that should have been introduced in the case in chief, it cannot be regarded as harmless. State v. Turner, supra.
In any event, the effect of the rebuttal evidence must be considered in connection with the surrebuttal evidence that the defendant intended to offer and the other evidence offered by the State in its case in chief. As hereinbefore pointed out, according to defendant, Terry Gatlin would deny making the statement attributed to her by Bell and Payne. Her testimony on surrebuttal, according to defense counsel would only be a reaffirmation of what she had said before. Furthermore, the State offered evidence in its case in chief from two independent witnesses, Sharon Rogers and Patsy Payne, both of whom testified that they had witnessed Gatlin shoot Carter in the leg while the two combatants were separated and standing away from each other. Their testimony corroborated that of the victim, Carter. Carter testified that he was shot in the leg when he and Gatlin were approximately ten feet apart.
When considering the nature of the surrebuttal testimony intended to be elicited by the defendant, together with the *1298 State's evidence when it presented its case in chief, we conclude that the trial judge's refusal to permit the defendant the opportunity to offer surrebuttal testimony was not an abuse of the trial court's broad discretion and, in the context of the surrounding circumstances, was not reversible error. See State v. Snoddy, supra.

ASSIGNMENT OF ERROR NO. 5
In the second assignment of error on appeal, defendant complains that the rebuttal evidence was otherwise inadmissible as hearsay. We find no merit to defendant's claim. The ruling of the trial court admitting the evidence over defendant's objection was correct. The statements attributed to defendant's sister qualified as excited utterances admissible despite the bar against hearsay. See LSA-R.S. 15:434; State v. Henderson, 362 So.2d 1358 (La.1978).

ASSIGNMENT OF ERROR NO. 6
Likewise, we find no merit to defendant's argument that since the witnesses failed to adhere to the trial court's admonition not to discuss their testimony with each other, the rebuttal evidence was inadmissible. We note that defendant did not contemporaneously object to Bell's testifying but later requested that the court give a special charge to the effect that if the jury found that the witness had violated sequestration, then the jury could conclude that the violation had influenced the witnesses' testimony. The trial judge properly rejected this special charge as an improper statement of the law. Furthermore, the violation of sequestration did not appear to otherwise warrant remedial action by the trial judge. There was no evidence that the violation influenced Bell's testimony. See LSA-C.Cr.P. Art. 764; State v. Edsall, 385 So.2d 207 (La.1980).
Having concluded that any error in denying defendant's motion to permit surrebuttal testimony was not reversible, we affirm the jury verdict.
Schott, J. ad hoc, concurs in the result.
NOTES
[*] Judges James C. Gulotta, John C. Boutall and Patrick M. Schott of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack Crozier Watson.
[1] Defendant was initially charged with attempted first-degree murder in violation of LSA-R.S. 14:27 and 14:30. This trial before a jury of twelve resulted in a mistrial. The questions on appeal before this court result from defendant's retrial and conviction of aggravated battery.