445 So.2d 76 (1984)
STATE of Louisiana, Appellee,
v.
Thomas DAYTON, Appellant.
No. 15899-KW.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1984.
Rehearing Denied February 23, 1984.
*77 Allan R. Harris, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., M. Gay Caldwell McNeely, Asst. Dist. Atty., Shreveport, for appellee, State of La.
Before PRICE, FRED W. JONES, Jr., and NORRIS, JJ.
PRICE, Judge.
Defendant Thomas Dayton was convicted at a bench trial of the second offense of driving while intoxicated and was sentenced to serve 60 days in the parish jail and ordered to pay a fine of $500 plus costs. We granted defendant's application for a writ of review primarily to determine if reversible error was committed by the trial court in permitting the state to present the testimony of a toxicologist disclosing the result of a chemical blood analysis as rebuttal evidence after the state had rested its case in chief. Since we have concluded reversible error was committed and the conviction must be set aside on this basis alone, we do not find it necessary to discuss the numerous other rulings complained of.
Defendant was stopped by state police officer Richard Christian on Louisiana Highway 1 near Caspiana in south Caddo Parish on suspicion of driving while intoxicated. Officer Christian was driving an unmarked vehicle and was not in uniform at the time he stopped defendant, so another unit was requested to assist him. Officer David Jett responded and was the officer who ultimately arrested defendant after administering a field sobriety test. Defendant voluntarily submitted to a chemical blood analysis in accordance with La.R.S. 32:661-669.
Before trial defendant moved for discovery of the results of any scientific tests and including specifically the testing of his blood for alcoholic content which the state intended to use at trial. No formal response was made by the assistant district attorney. Defendant's counsel was apparently shown all documents or reports in the state's file which included a copy of the Northwest Crime Laboratory report of the blood analysis.
On trial, the state, after presenting evidence of defendant's prior conviction of driving while intoxicated, offered the testimony of officers Christian and Jett who made the initial stop and arrest of defendant. The results of the field sobriety test of Officer Jett was admitted over the objection of defendant. The state also offered the testimony of Glen S. Wood, the laboratory technician who extracted the blood sample from defendant on the date of the arrest. His testimony was offered for the purpose of establishing a chain of custody of the blood sample through laboratory analysis. Defendant objected to this witness's testimony because of noncompliance with discovery and the objection was overruled.
The state then sought to introduce the laboratory report reflecting the results of the blood analysis. Defendant objected on the basis that the assistant district attorney had not notified defendant that the evidence was intended to be used at trial. The trial court sustained the objection and refused to permit the introduction of the report into evidence. At this point the state rested its case in chief.
The court ordered the completion of the trial to be scheduled approximately one month later. On the subsequent trial date after completion of defendant's evidence, the state sought to introduce the testimony of Jimmy Barnhill, a toxicologist with the Northwest Louisiana Crime Laboratory who performed the chemical analysis on defendant's blood. Defendant objected to this witness's testimony as not being proper rebuttal. The trial court overruled the objection on the basis that defendant had denied under cross examination that he was intoxicated and this evidence was proper to rebut that testimony. We find this ruling to be in error.
The principles concerning the proper admission of rebuttal evidence are discussed *78 in State v. Turner, 337 So.2d 455 (La.1976), in pertinent part as follows:
[1] The state may not reserve part of its case-in-chief for rebuttal testimony, after the defense has put on its case and when it can no longer present evidence to rebut the state's case. This is contrary to statute, to ancient jurisprudence, and to rules of fair play.... (citations omitted)
In State v. Monroe, 205 La. 285, 17 So.2d 331, 332 (1944), we noted: "Rebutting evidence is that which is offered to explain, repel, counteract, or disprove facts given in evidence by the adverse party." (Emphasis ours.) Again, in State v. Smith, 120 La. 530, 532, 45 So. 415 (1908), we noted that rebuttal evidence is "evidence which has become relevant or important only as an effect of some evidence introduced by the other side."
. . . . .
... The decisions cited demonstrate two kinds of prejudice which may be sustained by a defendant through the admission in state rebuttal of evidence which should be introduced during the state's case in chief:
(1) Since in Louisiana "the defendant is without right to rebut the prosecutor's rebuttal", La.R.S. 15:282, the defendant may be prejudiced by the denial to him of an opportunity to defend against new issues; and
(2) The production of strong prosecution evidence in chief after the defendant rests his case may unfairly emphasize the prosecution's "rebuttal" evidence, contrary to the legislatively intended order of proof, La.C.Cr.P. Art. 765(5), designed from ancient experience to assure fairness in our criminal trials.
[3, 4] The first type of prejudice may often be cured. If the trial court exercises its discretion to permit the state to offer in rebuttal material evidence inadvertently omitted from its case in chief, the prejudice thereby caused may normally be avoided by the trial court's permitting the defendant to introduce additional evidence to defend against the new issue thereby raised. La.C.Cr.P. Art. 765(5). See State v. Scott, 320 So.2d 538 (La.1975). Further, the failure of the defendant to request such reopening of the evidence in order to avoid such prejudice may under some circumstances be presumed to indicate that prejudice of this type is not presented for review. State v. Johnson, 141 La. 775, 783, 75 So. 678 (1917); State v. Smith, 120 La. 530, 532, 45 So. 415 (1908).
[5] The second type of prejudice is sometimes incurable. Whether reversible error has resulted may depend upon the nature of the new evidence offered by the state for the first time in improper rebuttal. Improper rebuttal with regard to a peripheral issue may be regarded as harmless. State v. Major, 318 So.2d 19 (La.1975). To the contrary, however, if the evidence injects an entirely new issue which should have been an important part of the state's case in chief, State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972), or if it unfairly places extreme weight on a part of the state's evidence which should have been introduced in the case in chief, cf. State v. Davis, 246 La. 383, 164 So.2d 589 (1964).
To permit the state to introduce the testimony of the toxicologist to inject the results of the chemical blood analysis as rebuttal evidence is highly prejudicial to defendant and gives the state an unfair advantage.
Defendant's denial under cross-examination that he was intoxicated is nothing more than an opinion. It did not constitute the projection by the defendant of factual evidence which was subject to rebuttal by the state. The initial plea of not guilty is in itself a denial of intoxication.
There is a difference in the instant situation and one in which a defendant takes the stand and denies that he has consumed any alcoholic beverage whatsoever. It may well be that under some circumstances evidence of the nature at issue here might be admissible to rebut such a denial. However, *79 this defendant admitted having consumed a small quantity of beer and whether he was "legally intoxicated" is a matter of opinion.
The results of a chemical analysis of the defendant's blood is of utmost importance in a prosecution for driving while intoxicated and to allow the state to wait until rebuttal to submit such evidence would unfairly place extreme weight on this part of the state's evidence which should have been presented in the case in chief. State v. Turner, supra.
We are aware that the trial court ruled in this instance that there was sufficient evidence to convict defendant without regard to the results of the chemical blood analysis. This finding is "tainted" however by the improper admission of the result of the chemical blood analysis and the conviction must nevertheless be set aside.
The wrongful introduction of a chemical analysis which by law presumed the defendant to be under the influence of alcohol at the time of his arrest was manifestly prejudicial to the defendant's case. Although other independent evidence of intoxication was presented by the State at the trial of the case, we are prohibited by the constitution from deciding the factual question of guilt or innocence and must restrict our scope of review to questions of law in criminal cases. La. Const. 1974, Art. 5, § 5. Consequently, we cannot speculate as to what decision the trier of fact would or should have made had the inadmissible evidence not been introduced. Instead, we are required to review the record for reversible errors of law and to declare them when found. State v. Burnette, 353 So.2d 989 (La.1977). See also State v. Graham, 360 So.2d 853 (La.1978), and State v. Morrison, 392 So.2d 1037 (La. 1980).
For the reasons set out above, the defendant's conviction is reversed and the case is remanded for retrial.
REVERSED AND REMANDED.