**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**George K. FISHER, Defendant-Appellant.**

**No. 17222.**

United States Court of Appeals
Sixth Circuit.

May 2, 1967.

Dale Quillen, Nashville, Tenn., for appellant.

Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn. (Alfred H. Knight, III, Asst. U. S. Atty., Nashville, Tenn., on the brief), for appellee.

Before EDWARDS and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Defendant appeals from a conviction for the offense of using the mails to defraud in violation of 18 U.S.C. §§ 2(b), 1341–1342. His appeal is grounded on the contentions that the conviction was against the weight of the evidence and that the trial judge should have declared a mistrial because the government attorney improperly questioned defendant's witness concerning the use of narcotics by defendant.

■ With regard to the first contention, we find that the conviction is adequately supported by the evidence.

The colloquy to which the second contention refers is the following:

Q. Who did you sell narcotics to?
A. Well, I'm not on trial for any of my past deeds. Your Honor, would it be necessary for me to answer that question?

THE COURT: I don't think so. Not unless you can show that it is pertinent.

MR. WILSON [defense counsel]: I will instruct him to answer, if Your Honor please, but it would be very embarrassing, I think, if he did.

MR. SHRIVER: Do you know whether Mr. Fisher is an addict or not?

A. No, I do not.

Q. You don't know? A. No.

Q. Do you suspect he is? A. No, I never had any reason to suspect it.

MR. WILSON: We object to that suspicions.

THE COURT: Sustained.

■■ The introduction in a criminal case of testimony concerning unrelated criminal activities of a defendant is so likely to have a prejudicial effect on the jury that it is generally held to be inadmissible, with exceptions made for purposes of impeachment and of proving such matters as the design, intent, or motive of the defendant. 1 Wigmore, Evidence (3d. ed. 1940), §§ 193, 215. Unless the government was prepared to substantiate its suggestion concerning defendant's addiction and to show that the matter fell within an exception to the general rule of inadmissibility, the inquiry was highly objectionable. There is some indication in the record that the trial judge, although initially critical of the questioning, later became satisfied that there was a factual basis for the inquiry and that the issue of addiction may have been admissible. In any event, defense counsel neither objected to the questioning nor moved for a mistrial at the time the questions were asked, and indeed stated that he would instruct the witness to answer. Hence, even if we assume that the questioning by the gov-

ernment was improper, the acquiescence of defense counsel would preclude reversal except in a case where manifest injustice would result. United States v. Grosso, 358 F.2d 154 (3rd Cir. 1966); United States v. Agueci, 310 F.2d 817, 99 A.L.R.2d 478 (2d Cir. 1962). See United States v. Pearson, 344 F.2d 430 (6th Cir. 1965). This is not such a case.

The judgment of the district court is affirmed.