**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roy WHITE and Lewis Cummings,**
**Defendants-Appellants.**

**No. 17820.**

United States Court of Appeals
Sixth Circuit.

Feb. 12, 1968.

Milton R. Henry, Pontiac, Mich., for appellants on brief.

Lawrence Gubow, U. S. Atty., Howard E. O'Leary, Asst. U. S. Atty., Detroit, Mich., for appellee on brief.

Before PHILLIPS, CELEBREZZE and McCREE, Circuit Judges.

McCREE, Circuit Judge.

Both appellants appeal from a conviction of several violations of the narcotics laws. In counts 1, 3, 5, 7, and 9 of the indictment the sale[1] of narcotics, not pursuant to a written order issued in blank for that purpose by the Secretary of the Treasury, was charged on dates extending from September 17, 1965 through March 5, 1966. In counts 2, 4, 6, 8, and 10, the concealment and possession[2] of a quantity of narcotic drugs was charged on dates corresponding to the times alleged in the counts relating to sale.

Neither appellant disputed the fact of sale or possession but both relied upon the defense of entrapment, testifying that the government informer, one Griffin, had represented that his former partner in several burglaries had cheated him in the distribution of the proceeds of the depredations and that he wished to retaliate and recoup his claimed share by

---

1. 26 U.S.C. § 4705(a).

2. 21 U.S.C. § 174.

selling him some spurious narcotics. The scheme required the defendants to appear to be dealers in narcotics and to deliver to Griffin's unfaithful partner several parcels purportedly containing narcotic drugs, to receive from him payment and to turn the money over to Griffin who would then compensate appellants. They testified that their initial reluctance to participate was overcome by Griffin's insistence and by their pressing financial needs and that they carried out the scheme only to discover that the purchaser was in fact an agent of the United States Bureau of Narcotics who eventually arrested appellants.

Two errors relating to the defense of entrapment are assigned. The first concerns the alleged error of the District Judge in refusing to give appellants' requested instruction on the issue of entrapment.

Appellants' requested instruction, after correctly stating the law concerning entrapment, concluded with the following paragraph:

> I charge you as a matter of law that there are no facts in the instant record of trial from which you may draw the sole inference to support a finding that the defendant Roy White did not need any persuasion to accept the offer of the informer Bruce Griffin; and that moreover you are not permitted to speculate upon this element of the case.

■ This language would require the jury to find that the defense of entrapment was established as a matter of law and we have held that if the facts are in dispute as to whether the criminal design originated with the accused and that the Government merely afforded opportunities for the commission of the offense, the issue is a factual one to be decided by the jury. United States v. Williams, 319 F.2d 479 (6th Cir. 1963).

■■ In the instant case, the informer testified, contrary to appellants' version, that they offered to supply some narcotics and they did. This clearly presented a jury question and the District Judge properly refused to give the requested instruction. Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958). In any event, the court is under no obligation to adopt the language requested in a proposed instruction where the charge to the jury clearly and correctly states the substance of the law. United States v. DiDonato, 301 F.2d 383 (2nd Cir. 1962), cert. den. 370 U.S. 917, 82 S.Ct. 1557, 8 L.Ed.2d 497 (1962). And the District Judge correctly instructed the jury by employing, except for the addition of the statement "Evidence relating to prior acts of defendants which are not the subject of a conviction are to be considered by you solely in determining the defendants' predisposition, or as I have stated, willingness to commit the crimes here charged," the charge relating to entrapment expressly approved by us in United States v. Thompson, 366 F.2d 167, 175–176 (6th Cir. 1966).

The District Judge's inclusion of the sentence quoted above referred to the testimony of one DiBiasi, a former narcotics agent, who was permitted on rebuttal to testify over objection that he arrested appellant White in September, 1957 for violation of federal narcotic laws. He also testified that White was not prosecuted or convicted and that the case was dismissed.

Evidence of a prior arrest for an offense similar to those charged in the indictment is highly prejudicial. Stansbury v. United States, 219 F.2d 165 (5th Cir. 1955); United States v. Fisher, 377 F.2d 285 (6th Cir. 1967). However, it was offered by the Government to prove a predisposition to traffic in narcotics and for the purpose of impeaching White's credibility under the supposed authority of Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954).

In *Walder*, to rebut defendant's assertion that he had never purchased, sold or possessed narcotics, Government witnesses were permitted to testify about an incident in which heroin had been obtained from the defendant even though no conviction had resulted because the search and seizure was unlawful. This evidence

was received for the limited purpose of impeachment and only because defendant of his own accord went beyond a simple denial of commission of the offense charged and made the sweeping claim of total innocence of any dealing in narcotics. A divided Supreme Court refused to foreclose the Government from challenging in this way credibility sought to be established by the defendant's own perjurious statement.

The instant case is clearly distinguishable. Unlike *Walder*, where there was direct although tainted evidence of prior possession of narcotics, here the fact of arrest was probative of nothing except the fact of White's apprehension and its receipt was error. See Lee v. United States, 125 U.S.App.D.C. 126, 368 F.2d 834 (1966).

Moreover, even if the arrest without prosecution and conviction were probative of prior illegal narcotic activity, the episode occurred eight years before the acts charged in the indictment. In Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), the Court held that a nine year old sales conviction and a five year old possession conviction were insufficient to prove that a defendant who raised the defense of entrapment had a readiness to sell narcotics on the occasion for which he was indicted. It follows that the event about which DiBiasi testified was not only probative of nothing relevant but was also too remote.

 The convictions must be reversed for an additional reason. In instructing the jury, the District Judge, doubtless through inadvertence but nevertheless plainly in error, charged that pursuant to Section 174, Title 21 U.S.C., the defendants could be convicted under counts 1, 3, 5, 7 and 9, if "The defendant is shown to have had possession of a narcotic drug * * * unless the defendant explains the possession to the satisfaction of the jury."

These counts were the sales counts and this instruction concerning them was plain error as was the court's further advice on the sales counts that "if one

has in his possession any narcotic drugs, it gives rise to an inference that the narcotic drugs were imported contrary to law." Although he added, "That is not an issue of this case, but I merely offer it by way of comment. It is of no real significance to you in this case," this comment could only confuse the jury and prejudice the rights of the defendants.

The convictions are reversed and the case is remanded for a new trial.