**UNITED STATES of America**
**v.**
**Robert Elia IANNELLI, Appellant in No. 72–1702, a/k/a Bobby I. Delores Iannelli, a/k/a Dee Steve Bruno, et al.**

**Appeal of Anthony CANCILLA, in No. 72–1696.**

**Appeal of Albert CAMMARATA, in No. 72–1697.**

**Appeal of Albert DIULUS, in No. 72–1698.**

**Appeal of Maurice ORLANSKY, in No. 72–1699.**

**Appeal of Philip SCOLIERI, in No. 72–1700.**

**Appeal of William C. FUSARO, in No. 72–1701.**

**Appeal of Nicholas GOBOS, in No. 72–1703.**
**Nos. 72–1696 to 72–1703.**

United States Court of Appeals, Third Circuit.

Argued April 9, 1973.

Decided May 4, 1973.

Edwin J. Martin, Stanton D. Levenson, Watzman, Levenson & Snyder, James K. O'Malley, Morris, Safier & Makoroff, Melvin Schwartz, Cooper, Schwartz, Diamond & Reich, James E. McLaughlin, McArdle, McLaughlin, Paletta & McVoy, William F. Cercone, Jr., Pittsburgh, Pa., for appellants.

Richard L. Thornburgh, U. S. Atty., Kenneth A. Bravo, Terrance A. Norton, Sp. Attys., U. S. Dept. of Justice, Pittsburgh, Pa., for appellee.

Before ADAMS and GIBBONS, Circuit Judges, and LORD, District Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The appellants, charged with violations of the federal anti-gambling statutes, and with conspiracy, appeal from sentences imposed after a jury verdict. The Government's case was based in substantial part on evidence obtained through a court-ordered electronic surveillance. Appellants advance these common contentions:

■ 1. That Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–20, is unconstitutional. We have held otherwise. United States v. Cafero, 473 F.2d 489 (3d Cir. 1973).

2. That Title VIII of the Omnibus Crime Control Act of 1970, 18 U.S.C. § 1955, under which they were charged, is unconstitutional. We have held otherwise. United States v. Ceraso, 467 F.2d 653, 657–658 (3d Cir. 1972).

■ 3. That the Government did not comply with the authorization requirements of 18 U.S.C. § 2516(1). The record discloses that Attorney General Mitchell approved the application evidencing his approval by initialling a memorandum. We have held that this procedure is sufficient. United States v. Ceraso, 467 F.2d 647, 649–652 (3d Cir. 1972).

■ ■ 4. That the Justice Department made an unlawful disclosure of intercepted communications when the communications were disclosed to an agent of the Intelligence Division, Internal Revenue Service, and to an agent of the audit branch of the same service working with the Intelligence Division agent. These Internal Revenue Service agents are investigative or law enforcement officers within the meaning of 18 U.S.C. § 2510(7) and disclosure was appropriate to the performance of their duties. 18 U.S.C. § 2517(1). In any event the suppression remedy specified in 18 U.S.C. § 2518(10) applies to unlawful interceptions. A civil remedy applies to unlawful disclosures. 18 U.S. C. § 2520.

■ 5. That the authorizing judge abused his authority in permitting continuance of the surveillance, considering the sketchy nature of the progress reports which, in the order authorizing the surveillance, he required. The sufficiency of these reports was a matter for the supervising judge, and the breadth of his discretion must be viewed in light of the fact that he could under 18 U.S.C. § 2518(6) have dispensed with progress reports entirely. *See* United States v. LaGorga, 336 F.Supp. 190, 194 (W.D. Pa.1971). We find no error.

■ 6. That applying "Wharton's Rule" they cannot be convicted both of a conspiracy in violation of 18 U.S.C. § 301 and of a substantive violation of 18 U.S.C. § 1955, because a § 1955 violation requires a minimum of five participants. More than five participants were, however, charged in the indictment. Thus the possible application of "Wharton's Rule" is not presented. *See* United States v. Becker, 461 F.2d 230 (2d Cir. 1972), petition for cert. filed, 41 U.S.L. W. 3160 (U.S. July 28, 1972) (72–158); Developments in the Law-Criminal Conspiracy, 72 Harv.L.Rev. 920, 956 n. 252 (1959).

■ 7. That there were multiple conspiracies, and Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), requires reversal. Our review of the record convinces us that there was sufficient evidence of an overall conspiracy to sustain the verdict. *See* Blumenthal v. United States, 332 U. S. 539, 68 S.Ct. 248, 92 L.Ed. 154 (1947); United States v. Kenny, 462 F. 2d 1205 (3d Cir.), cert. denied, 409 U.S. 914, 93 S.Ct. 234, 34 L.Ed.2d 176 (1972).

■ 8. That the trial judge erred in refusing to charge that each defendant must have knowledge that five or more are participating in the enterprise before there can be a conviction under 18 U.S.C. § 1955. That section prohibits gambling businesses illegal under state law. The number of participants is merely a jurisdictional element, deter-

mining when the illegality has a sufficient effect upon interstate commerce. *See* United States v. Ceraso, *supra* at 657–658. The jury does not have to find knowledge of such jurisdictional elements in order to convict. *See, e. g.,* United States v. Roselli, 432 F.2d 879, 891 (9th Cir. 1970), cert. denied, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971); United States v. Blassingame, 427 F.2d 329 (2d Cir. 1970), cert. denied, 402 U.S. 945, 91 S.Ct. 1629, 29 L.Ed.2d 114 (1971); United States v. Miller, 379 F.2d 483 (7th Cir.), cert. denied, 389 U.S. 930, 88 S.Ct. 291, 19 L. Ed.2d 281 (1967).

■ 9. That an *ex parte* conference between the prosecutor and the trial judge, in which the prosecutor called to the attention of the court the fact that a government witness had lied on the stand, required the grant of a mistrial. The witness in question was put on the stand on the next court day and corrected his testimony. Had the conference never taken place the effect of the initial testimony and the later corrected testimony upon the jury would have been identical. Assuming the *ex parte* conference was improper (as to which we have no occasion to rule, although clearly the circumstances were exigent) it did not prejudice the defendants.

■ 10. That evidence from a pen register, a number recorder and a technowriter, all electromechanical devices used to determine telephone numbers from electrical impulses, was improperly admitted. The extent to which a foundation must be laid for the admission of evidence obtained from using such electromechanical devices is a matter within the trial court's discretion, which in this case was exercised soundly in view of the testimony of the government witnesses. Some of the evidence consisted of secondary logs rather than original magnetic tapes. There was ample opportunity to cross-examine as to the preparation of the logs. There was no error here. *See* IV Wigmore, Evidence, §§ 1193–94.

Appellant Iannelli contends (1) that there was insufficient evidence for the jury to convict him on Count IV, 18 U.S.C. § 1342 and (2) that if we reverse on that count there must be a new trial on all counts because the conviction on these counts was tainted. Mindful that Iannelli could be convicted under Count IV as an aider and abettor, 18 U.S.C. § 2, the evidence on that Count amply meets the test of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942).

■ ■ Appellants Cancilla and Cammarata contend that they were not served with an inventory of the intercepted communications. 18 U.S.C. § 2518(8)(d). They eventually received actual notice well in advance of the hearing on a motion to suppress. There was no prejudicial error here. *See* United States v. Cafero, *supra*; United States v. Ripka, 349 F.Supp. 539 (E.D. Pa.1972). Appellant Cancilla contends that prejudicial error occurred when an FBI agent mentioned that he had been the subject of a prior gambling investigation. But his attorney opened the door to the testimony in question on cross-examination of the agent and did not, on redirect, object when the question was asked. After a recess, when counsel did finally object, the court gave a proper limiting instruction. There was no error. We have considered and we reject Cancilla's contention that the evidence is insufficient to support his conviction as a participant in the gambling enterprise. We have considered and reject the same contention made on behalf of appellant Diulus. *See* United States v. Ceraso, *supra*; United States v. Riehl, 460 F.2d 454, 459 (3d Cir. 1972).

■ Appellant Scolieri, against whom the sole evidence is recorded telephone calls, contends these were not sufficiently identified. Circumstantial evidence supports the identification. *See* United States v. Addonizio, 451 F.2d 49, 71–72 (3d Cir.), cert. denied, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972); United States v. Alper, 449 F. 2d 1223, 1229 (3d Cir. 1971), cert. denied, 405 U.S. 988, 92 S.Ct. 1248, 31 L. Ed.2d 453 (1972).

The judgments of the district court will be affirmed.