STATE OF NEBRASKA, APPELLEE, v. JEFFREY KOHOUT, APPELLANT.

251 N. W. 2d 723

Filed March 23, 1977. No. 40819.

Kirk E. Naylor, Jr., of Naylor & Keefe, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The defendant, Jeffrey Kohout, was convicted of unlawful possession of amphetamines and sentenced to 1 year probation which included 30 days imprisonment in the county jail. He has appealed and contends the trial court erred in overruling his motion to suppress evidence which was seized during a search of the residence where he lived.

The search was made pursuant to a warrant. The affidavit upon which the warrant was issued was based upon information obtained through wiretaps upon one or two telephones. The record does not identify which telephones were involved in the conversations.

An order authorizing a wiretap on telephone num-

ber 483-1844 located at 7000 Shamrock Road in Lincoln, Nebraska, was obtained on October 25, 1974. An extension of this order was obtained on November 27, 1974. The record contains an application for a wiretap on a second telephone at the same address, number 483-1700, dated November 19, 1974.

The affidavit for the search warrant was based upon information obtained from conversations intercepted within 2 days of December 4, 1974. The affidavit was filed on December 4, 1974, and the warrant was issued on that date. A search of the premises on the same day resulted in the seizure of a bag containing a quantity of amphetamine tablets and a business card of the defendant which were found in a room occupied by the defendant. There is no contention that the evidence was insufficient to support the finding of guilty.

The defendant's theory of the case is that the search was illegal because the information which was used to obtain the warrant was obtained through illegal wiretaps. Section 86-705(9), R. R. S. 1943, provides that any aggrieved person may move to suppress the contents of any intercepted wire or oral communication, "or evidence derived therefrom," on the grounds the communication was unlawfully intercepted, the order of authorization was insufficient on its face, or the interception was not made in conformity with the order.

The motion to suppress was submitted upon a stipulation made in open court. The stipulation provided that all the applications, affidavits, and court orders for the wiretaps were contained in two large envelopes marked exhibit 3 and exhibit 4, and that the conversations were intercepted "pursuant to the wiretap authorizations" contained in the exhibits.

The envelopes contained the application dated November 27, 1974, for an extension of authority to intercept wire and oral communications on telephone number 483-1844, and the order authorizing the ex-

tension for a period of not to exceed 30 days from November 24, 1974; and an application and affidavit dated November 19, 1974, for authority to intercept wire and oral communications on telephone number 483-1700. By a stipulation filed in this court, pursuant to Rule 7e, Revised Rules of the Supreme Court, 1974, the parties have supplied copies of the application, affidavit, and order dated October 25, 1974, authorizing the wiretap on telephone number 483-1844. The following writing appears on the outside of the envelope which is exhibit 3: "11-19-74-Order re Wire Communications William D. Blue, District Judge." However, no order authorizing a wiretap on telephone number 483-1700 appears in the record.

In the absence of an order authorizing a wiretap on telephone number 483-1700, any interception of messages over that line would be illegal. The problem in this case is that the record does not show any of the conversations referred to in the affidavit for the search warrant were intercepted through a wiretap on telephone number 483-1700, and the stipulation provided all conversations were intercepted pursuant to the authorizations contained in exhibits 3 and 4. The burden of proof on a motion to suppress is generally on the movant if he claims a warrant regular on its face was invalid. See LeDent v. Wolff, 460 F. 2d 1001. The absence of an order authorizing a wiretap on telephone number 483-1700 does not establish that the conversations referred to in the affidavit for a search warrant were intercepted illegally.

The order of November 27, 1974, contained a provision for written reports to be made to the court at 5-day intervals showing that progress had been made toward the achievement of the authorized objective and the need for continued interception. A similar provision was included in the order of October 25,

1974. No such reports were ever submitted to Judge Blue who entered the orders.

The language of the statute concerning such reports is permissive. Section 86-705(6), R. R. S. 1943, provides the order may require such reports be made to the judge who issued the order at such intervals as the judge may require. Since this is a requirement that the judge may impose at his discretion, it is also within his discretion to waive the requirement or to determine what effect a failure to comply with the requirement should have. See United States v. Iannelli, 477 F. 2d 999, affirmed 420 U. S. 770, 95 S. Ct. 1284, 43 L. Ed. 2d 616.

The application for an extension of the wiretap on telephone number 483-1844, made on November 27, 1974, was in part a report showing the progress that had been made toward the achievement of the authorized objective and a showing of the need for a continued interception. The order of November 27, 1974, extending the authorization for the wiretap on telephone number 483-1844 was not illegal because the State had not filed the 5-day reports required by the order of October 25, 1974.

The search warrant was issued on December 4, 1974, 7 days after the order of November 27, 1974, extended the authorization for the wiretap on telephone number 483-1844. According to the affidavit for the search warrant, the conversations referred to in the affidavit were intercepted within 2 days of December 4, 1974. It seems obvious that a report filed at or about that time would have reported substantial progress toward the achievement of the authorized objective and the need for continued interception. There is little or no likelihood that the authorization for the wiretap would have been terminated just before the raid took place. The fact that the State failed to file a report pursuant to the order of November 27, 1974, did not require the motion to suppress be sustained.

The defendant further contends the communications were unlawfully intercepted because the applications made on November 19, 1974, and on November 27, 1974, did not comply with the requirement of the statute that each application shall include: "A full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire or oral communications involving any of the same persons, facilities or places specified in the application, and the action taken by the judge on each such application; * * *". § 86-705(1)(e), R. R. S. 1943.

The application of November 19, 1974, which sought authorization for a wiretap on telephone number 483-1700, made no reference to the application of October 25, 1974, and alleged affirmatively that the applicant knew of no previous applications. The application of November 27, 1974, for authority for an extension of the wiretap on telephone number 483-1844, stated that the original application was the only application known to the applicant which had been made to any judge for authorization to intercept communications to or from Jeffrey Kohout, Rick Taylor, Michael Hayes, and Jay Loisel. All applications were made by the same applicant. The orders of October 25, 1974, and November 27, 1974, were signed by Judge Blue.

The statement in the application of November 19, 1974, was obviously untrue. However, its effect upon an order authorizing a wiretap on telephone number 483-1700 need not be decided in the absence of evidence that any of the conversations in question were intercepted through a wiretap on that telephone.

The statement in the application of November 27, 1974, could be true only if the application of November 19, 1974, was never submitted. The State

relies on section 29-823, R. R. S. 1943, which provides in part: "No evidence shall be suppressed because of technical irregularities not affecting the substantial rights of the accused."

The failure to refer to the application of November 19, 1974, in the application of November 27, 1974, under the particular facts and circumstances of this case appears to be a technical irregularity not affecting any substantial right of the accused. We think it was within the discretion of the trial court to find that the motion to suppress should be overruled. See United States v. Civella, 533 F. 2d 1395.

The judgment of the District Court is affirmed.

AFFIRMED.

WHITE, C. THOMAS, J., concurring.

I concur. While agreeing with the majority opinion, I find it necessary to distinguish United States v. Bellosi, 501 F. 2d 833 (D.C. Cir., 1974), from the current case. Federal statutes controlling judicial authorizations of wire interceptions are similar to Nebraska's in that both require disclosure of all previous applications for judicial authorization of interceptions involving the same person. The Bellosi case involved three successive wiretaps on the same person. The applications for the second and third interceptions did not disclose the first interception. The first and third interceptions were authorized by Judge Hart. The first was authorized on July 29, 1971, the third in January 1973. The second interception was authorized by Judge Greene. The Bellosi opinion ruled that the latter two interceptions were unlawful due to the failure of the applicant to disclose the first wiretap. The case at hand can be distinguished from the Bellosi case which was based upon the reasoning that a judge, in authorizing an interception, would need to know of any prior authorizations in order to properly decide if a new interception should be authorized. The second wiretap in Bellosi was authorized by a different judge than who

authorized the first interception. The first and third interceptions were authorized by the same judge 1½ years apart. In the current case, the interceptions were authorized by the same judge only 34 days apart. While there has been a technical violation of section 86-705, R. R.. S. 1943, it is obvious that compliance with that section would not have provided the judge with any additional information not already known by him.

CLINTON, J., joins in this concurrence.