KING, Judge.
The issue presented by this appeal is whether or not the trial court committed reversible error during the trial of this matter before the jury.
The defendant, Hayward P. Thibodeaux, was charged by bill of information with the crime of possession of marijuana with intent to distribute, in violation of La.R.S. 40:966(A)(1). The defendant entered a plea of not guilty and was tried before a jury of twelve and found guilty by unanimous verdict. After defendant’s motion for a new trial was denied, the defendant was sentenced to serve one year at hard labor in the custody of the Louisiana Department of Corrections. Defendant timely appeals his conviction and sentence. We reverse.
FACTS
On March 7, 1984, the Iberia Parish Sheriff’s Office received information from a confidential informant that the defendant, Hayward Thibodeaux, was going to Franklin, Louisiana to pick up approximately a pound of marijuana. The informant described the defendant’s automobile and license plate number. In addition, the informant told Officer Bonin of the Iberia Parish Sheriff’s Office that a Mr. Fred Adams was accompanying the defendant. Officer Bonin then met with three other officers to discuss this information and waited until the informant contacted him again and told him that the defendant had picked up Mr. Adams and was going to Franklin. Officer Gaspard was then assigned to go to Franklin for surveilance and to keep the other officers advised of the situation. Officer Gaspard located the defendant in Franklin and notified the officers when the defendant was enroute to New Iberia. Officer Gaspard then followed the defendant’s vehicle while Officer Bonin, who was in another patrol car, positioned his car in front of the defendant’s car. Officer Gaspard then used the lights and siren on his automobile to pull the defendant over to the side of the road. By the time the defendant’s car was stopped, another patrol car with other officers had also arrived.
After stopping the defendant’s car, all of the officers approached the defendant’s vehicle with guns drawn, informed the defendant that they were conducting a narcotics investigation and ordered defendant and his passenger out of the car. Once the defendant and Mr. Adams were out of the car, Officer Gaspard read them their Miranda rights. Captain Sonnier then asked the defendant if he had anything to declare. The defendant responded that he had some marijuana in an ice chest on the rear seat of the car. Captain Sonnier then instructed the defendant to point out the ice chest and asked defendant if it could be removed. The defendant gave the officers permission to remove the ice chest. Officer Bonin then opened the ice chest, examined the contents, and then placed the defendant and Mr. Adams under arrest. The substance found in the ice chest was later determined5 by laboratory examination to be 15½ ounces of marijuana.
Defendant timely appeals setting forth eight specifications of error which are that:
*137 (1) The trial court committed prejudicial error when it denied defendant’s motion to suppress the marijuana seized at the time of the defendant’s arrest; and
(2) The State suppressed certain recorded telephone conversations involving the defendant, despite a request for discovery by the defendant, which were known and were within the State’s custody and control thereby denying defendant his right to due process under the Federal and State Constitutions; and
(3) The trial court committed prejudicial error when it refused to grant a mistrial requested by the defendant when the State’s witness, Detective Ron Sonnier, while under cross-examination, testified that the defendant had been involved in another crime in February 1984; and
(4) The trial court committed prejudicial error in permitting the State to present improper rebuttal evidence which was extremely prejudicial to the defendant; and
(5) The trial court committed prejudicial error in allowing the prosecutor in his closing argument to make comments which were prejudicial to the defendant; and
(6) The trial court committed prejudicial error in instructing the jury on the law relative to entrapment and in fact commenting on the evidence presented by the State on rebuttal; and
(7) The trial court committed prejudicial error when it forced the defendant to be sentenced on the same day and immediately after the trial judge’s denial of defendant’s application for a new trial in violation of La.C.Cr.P. Art. 873; and
(8) The trial court erred in denying the defendant’s motion for a new trial which was based on the court’s alleged error in allowing improper rebuttal evidence to be admitted.
ASSIGNMENTS OF ERROR NUMBERS 3 and 8
In Assignment Of Error Number 3, the defendant contends the trial court committed prejudicial error in permitting the State to present improper rebuttal evidence which was extremely prejudicial to the defendant. In Assignment Of Error Number 8, the defendant contends the trial court also later erred in denying the defendant’s motion for a new trial which was based upon the Court’s alleged error in allowing improper rebuttal evidence to be admitted. In both of these assignments, the defendant specifically contends that the trial court erroneously permitted the State to present certain rebuttal evidence.
Examination of the record reveals that the defendant in voir dire examination and in opening statement indicated that the defendant would rely on the defense of entrapment. The State presented its case in chief, with the defendant’s counsel cross-examining the State’s witnesses to elicit evidence to support the defense of entrapment. After the State rested its case in chief the defense presented only evidence of the good character of the defendant, without calling the defendant to testify, and then rested the defense case.
After a jury charge conference in Chambers with the trial judge and counsel for the State and the defendant, which occurred during a recess of Court and after the defense had rested its case and requested a jury charge on the defense of entrapment, the State moved in Open Court that the Court rule as to whether or not the defendant had raised the defense of entrapment and presented sufficient evidence to justify a jury charge on the defense of entrapment. The trial judge then ruled that enough evidence had been elicited to justify a jury charge on entrapment being given. The prosecution then moved to be permitted to present, in rebuttal, evidence of the defendant’s predisposition to commit the crime for which he was charged. This motion was objected to by the defendant.
The trial judge overruled the defense objection and permitted the State to introduce rebuttal evidence of the defendant’s predisposition to commit the crime for *138 which he was charged in rebuttal to the defendant’s plea of entrapment.
This rebuttal evidence consisted of the testimony of Mr. Fred Adams, an alleged co-conspirator with defendant in an earlier attempt to obtain a large amount of marijuana. Adams testified in detail of an alleged conspiracy involving the defendant and himself and others in which they attempted to purchase 15 or 20 pounds of marijuana during the months of February and March 1984. The attempted conspiracy was apparently instigated by Adams and other police officers in an effort to involve the defendant in a drug transaction which never materialized and for which the defendant was never charged. This same co-conspirator, Mr. Fred Adams, was the same person who-was in the car with the defendant when he was originally arrested on the charge for which he was tried.
The defendant argues that during the presentation of his case that he only presented evidence of his good character, through character witnesses, and that the State’s rebuttal evidence was in direct violation of LSA-R.S. 15:282 and the jurisprudence of this state which only allows the prosecution the right to rebut evidence adduced by the defendant in the presentation of his case. The defendant contends that the trial court in granting the State the right to present, as rebuttal evidence, testimony of the defendant’s predisposition to commit the crime for which he was on trial was extremely prejudicial to the defendant and prevented him from receiving a fair trial.
In State v. Batiste, 363 So.2d 639 (La. 1978), the Louisiana Supreme Court examined the issue of introducing evidence of other criminal activity on the part of the defendant in order to rebut a defense of entrapment. In Batiste, the Court stated:
“An overwhelming majority of courts are of the view that such evidence is admissible because of its relevance to the issue of the defendant’s predisposition to commit the crime ...
* fc ⅝ * * *
“However, in recognition of the danger that the trier of fact may place undue emphasis on the evidence of other criminal activity and perhaps judge the defendant guilty on the basis of this other evidence, courts have wisely determined that the introduction of such evidence must be controlled in a reasonable manner. See, United States v. Johnston, 426 F.2d 112 (7th Cir.1970); Hansford v. United States, 112 U.S.App.A.C. 354, 303 F.2d 219 (1962). Thus, as a threshold requirement, the evidence is not admissible unless it has been demonstrated clearly that the entrapment defense will be invoked. Anticipation by the state that such a defense may be raised is not sufficient basis for admission of such evidence ...
“Assuming that the defendant chooses to raise an entrapment defense, other crimes evidence utilized by the state must be of a similar character of the offense for which the defendant is on trial. See, e.g., State v. Matheson, 363 A.2d 716 (Me.1976). Another factor which the trial court should consider in determining whether the evidence is to be admissible is the remoteness in time of the offenses. See, United States v. White, 390 F.2d 405 (6th Cir.1968); Hansford v. United States, 112 U.S.App. 359, 303 F.2d 219 (1962). Moreover, the trial judge must consider whether, under the circumstances of the case, the evidence even though relevant, should be excluded because its prejudicial effect out weighs the probative value on the issue of disposition.” State v. Batiste, 363 So.2d 639, at page 643.
In the present case the State waited until the conclusion of the defendant’s case in chief before it requested a ruling on whether the defendant had raised a plea of entrapment and elicited enough evidence to support a jury charge of entrapment. It was only after the trial judge had ruled that sufficient evidence had been presented to the jury to justify a requested defense jury charge on entrapment, that the State sought to introduce evidence to attempt to *139 show the defendant’s predisposition to commit the crime for which he was charged.
Rebuttal evidence is to be used in response to evidence adduced during the presentation of defendant’s case. The Louisiana Supreme Court stated in State v. Turner, 337 So.2d 455 (La.1976) that:
“In State v. Monroe, 205 La. 285, 17 So.2d 331, 332 (1944), we noted ‘rebutting evidence is that which is offered to explain, repel, counteract, or disprove facts given in evidence by the adverse party.’ (Emphasis ours.)
“Again, in State v. Smith, 120 La. 530, 532, 45 So. 415 (1908), we noted that rebuttal evidence is ‘evidence which has become relevant or important only as an effect of some evidence introduced by the other side.’ ” State v. Turner, 337 So.2d 445, at page 458 (La.1976).
LSA-R.S. 15:481 provides that the State is only permitted to introduce testimony of the bad character of the defendant in rebuttal to evidence introduced by him to show his good character. LSA-R.S. 15:282 provides that the prosecution has the right to rebut the evidence introduced by the defendant but that the defendant is without right to rebut the prosecution rebuttal. The defendant’s case consisted solely of testimony as to the defendant’s character, presented through character witnesses, and included no other evidence. The defendant argues that not only was the defendant prejudiced by the rebuttal evidence permitted by the trial court but that it was prohibited from responding to the State’s rebuttal and was thus denied an opportunity to defend against new evidence presented in rebuttal. To support its argument the defendant cites State v. Turner, supra, where the Louisiana Supreme Court discussed two kinds of prejudice by stating:
“(1) Since in Louisiana ‘the defendant is without right to rebut the prosecutor’s rebuttal’, La.R.S. 15:282, the defendant may be prejudiced by the denial to him of an opportunity to defend against new issues; and
“(2) The production of strong prosecution evidence in chief after the defendant rests his case may unfairly emphasize the prosecution’s ‘rebuttal’ evidence, contrary to the legislatively intended order of proof, La.C.Cr.P. Art. 765(5), designed from ancient experience to assure fairness in our criminal trials.” State v. Turner, 337 So.2d 455, at page 458 (La. 1976).
The Supreme Court in Turner, supra, further explained that the second type of prejudice is incurable:
“If the evidence injects an entirely new issue which should have been an important part of the State’s case in chief, or if it unfairly placed extreme weight on the part of the State’s evidence which should have been introduced in the ease in chief.” State v. Turner, supra, at page 459.
We find that the admission of evidence of the defendant’s predisposition to commit a crime similar to the one for which he was on trial was improper on rebuttal. The evidence contradicted no facts advanced by the defendant. Cf. State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972). We further find that the trial judge abused his discretion in permitting such evidence to be introduced in rebuttal as it created the danger that the jury would place undue emphasis on the evidence of other criminal activity and perhaps judge the defendant guilty on the basis of this other evidence rather than on the evidence concerning the crime of which he was charged.
We find that the trial judge abused his discretion in permitting such rebuttal testimony after the State and the defense had both rested their cases in chief. The record clearly demonstrates, commencing with voir dire examination by defense counsel as well as the opening statement of defense counsel, that the defense of entrapment would be invoked. The evidence which was elicited by defense counsel on cross examination during the State’s case in chief was such that the trial court ruled that it justified the Court to instruct the jury on the defense of entrapment. The *140 record amply demonstrates that the defendant’s cross-examination of the State’s witnesses, in the State’s case in chief, was directed toward presenting or developing the defense of entrapment. The record further shows that during the State’s ease in chief the Assistant District Attorney stated to the Court that he was aware that the defense had raised the defense of entrapment and that the prosecution believed that evidence of the defendant’s predisposition to commit the crime for which he was charged was admissible to disprove such defense. To permit the State to introduce such evidence, in rebuttal, after the defendant had rested its case and only presented evidence of the good character of the defendant, was highly prejudicial to the defendant as it permitted the defendant no opportunity to explain or present evidence that the defendant was not predisposed to commit the crime for which he was charged.
For these reasons, we find Assignments Of Error Number 3 and 8 to have merit and that the trial judge committed prejudicial error in permitting the State, in rebuttal, to present improper and highly prejudicial evidence and in denying defendant a new trial on these grounds. Accordingly, for this reason, we will not discuss the remaining assignments of error urged by the defendant.
For the reasons given above the defendant’s conviction and sentence are vacated and the case is remanded to the trial court for a new trial.
REVERSED AND REMANDED.