812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Archie Ronald BALES, Defendant-Appellant.
 No. 86-6096.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1987.
 
 Before KEITH and GUY, Circuit Judges; and EDGAR*
 PER CURIAM:
 
 
 1
 Appellant, Archie R. Bales, appeals his jury conviction of conspiracy to transport and conceal stolen automobiles in violation of 18 U.S.C. Secs. 371, 2312 and 2313. We affirm.
 
 
 2
 During the Fall of 1980 and the Spring of 1981, Morris Wayne Davis and others transported stolen automobiles from various states into Kentucky. Mr. Davis and others altered the vehicle identification numbers on the automobiles. The automobiles were licensed in Kentucky by counterfeit Ohio titles. Once in Kentucky, the automobiles were traded between defendants Davis, Donald Eugene Whitt, and James Thomas Turner, Jr. Mr. Turner who operated the Wheels Auto Sales used car lot in Kentucky, had known and worked with the appellant approximately twenty years. At the time of the offenses, appellant worked approximately nine months for John Wayne Foster, a wholesale auto dealer in North Carolina. The appellant bought and sold automobiles for Foster.
 
 
 3
 During the course of the conspiracy, Mr. Turner sold appellant six stolen automobiles which had been transported into Kentucky, and which after being sold to appellant, were transported to other states. Beginning with the sale of the first automobile, Mr. Turner testified that he told appellant that the automobiles were stolen. Mr. Turner also showed appellant the counterfeit Ohio titles and testified that the appellant said the titles were "awful good".[1] Some of the cars purchsed by appellant were so new the odometers were "run up" by him in order to be sold as used cars. In addition, Mr. Turner testified that appellant was told that the other cars were stolen, even after the sale of the first stolen automobile.
 
 
 4
 Mr. Turner usually gave appellant a $500.00 commission for selling the stolen automobiles. However, appellant received a $1,000.00 commission on at least one stolen automobile. Moreover, Mr. Foster testified that appellant divided in half the profit from the sale of each vehicle. Mr. Foster also testified that appellant was also involved with him in acquiring other stolen automobiles from O'Ryan's Auto Sales and O.J. Hamm. O'Ryan's Auto Sales was located in Lexington, Kentucky, and Mr. Hamm was an old friend of the appellant. After all the evidence was presented, the jury instructions were agreed upon by both counsel for the appellant and the United States.
 
 
 5
 On appeal, appellant contends that the trial judge erred by admitting evidence of his involvement with stolen automobiles which were not charged in the indictment. We disagree because counsel for the defense broached the subject of appellant's involvement with the stolen automobiles and because the district court's admission did not amount to plain error.
 
 
 6
 In United States v. Iannelli, 477 F.2d 999 (3rd Cir.1973), aff'd., 420 U.S. 770 (1975), an FBI agent testified about a prior criminal investigation of the defendant. When this testimony was questioned for the first time on appeal, in rejecting defendant's argument on this point, the Court stated "... But his attorney opened the door to the testimony in question on cross-examination of the agent and did not, on re-direct, object when the question was asked...." Id. at 1003.
 
 
 7
 We believe the present case is analogous. Specifically, defense counsel on cross-examination of John Wayne Foster broached the subject of appellant's involvement with the other stolen automobiles. Moreover, on re-direct Foster testified that appellant was involved with three stolen vehicles either by buying the vehicle directly or making contact with the seller.[2] However, there was no objection to this testimony. Defense counsel's failure to object to this testimony, his failure to request a limiting instruction with regard to this testimony and the fact that defense counsel opened the door to the admission of this evidence during his cross-examination of Foster mitigates against his allegations of error by the district court. Consequently, the defense cannot sit idly by and later take advantage of a situation which, by its inaction, it helped to create. See United States v. Grosso, 358 F.2d 154 (3rd Cir.1966), rev'd on other grounds, 390 U.S. 62 (1968).
 
 
 8
 Furthermore, the mere acquiescence of the defense would preclude a reversal except in a case where manifest injustice would result. United States v. Fisher, 377 F.2d 285 (6th Cir.), cert. denied, 389 U.S. 845 (1967). In the absence of plain and prejudicial error, this Court will not disturb a verdict on the basis of erroneously admitted evidence unless a specific and timely objection was made. United States v. Mayes, 512 F.2d 637 (6th Cir.), cert. denied, 422 U.S. 1008 (1975). The government does not have the burden to show that an error is harmless; the burden is upon the defense to show that the questioned testimony was plain error, and one that would result in manifest injustice affecting substantial rights of the defendant. Fed.R.Crim.P. 52(b); United States v. Lipscomb, 435 F.2d 795 (5th Cir.1970), cert. denied, 401 U.S. 980 (1971).
 
 
 9
 We do not believe the defense met its burden of showing the testimony here was plain error and not harmless, especially given the testimony of appellant's co-defendants. Co-defendant Morris Wayne Davis testified that he was the one who transported the stolen cars from various locations in Pittsburg and Alabama. Davis testified that he brought the cars to Kentucky, knowing they were stolen. He also testified that he changed most of the vehicle identification numbers on them and that he sold at least four or five of them to Donny Whitt. Donny Whitt, a co-defendant, verified that he got the cars from Davis and that he thereafter took them to Tommy Turner, another co-defendant. Significantly, co-defendant Tommy Turner testified that appellant knew in fact that the 1981 Buick Riviera was stolen because he [Turner] had specifically told him about it. Thereafter, Turner saw the appellant change the numbers on the odometer of the stolen 1981 Buick Riviera to make the car appear older than it was. Turner also told appellant that the 1979 Jeep pickup truck was stolen, and further testified that in each of the cases where he sold the appellant a stolen car, he and the appellant would always discuss if the car was stolen. Given this testimony, the admission of the evidence concerning the three cars not listed in the indictment was not plain error but harmless.
 
 
 10
 Appellant argues that the testimony of his co-defendants is "inherently less reliable than that of other witnesses." However, accomplice testimony is sufficient to support a conviction when that testimony is not incredible or insubstantial on its face. United States v. Moeckly, 769 F.2d 453 (8th Cir.), cert. denied, 106 S.Ct. 1196 (1985). In this case, we do not believe the co-defendants' testimony was incredible or insubstantial on its face. Therefore, we hold that the co-defendants provided evidence from which the jury could find that appellant was guilty of the offense he was charged, even without the testimony as to the other three cars.
 
 
 11
 Finally, appellant argues that the jury should not be allowed to determine guilt based on evidence showing the defendant to be of bad character, or on evidence showing that he committed some other similar crime or engaged in some other act of misconduct that would lead one to surmise that he may have committed the crime for which he is charged. However, evidence of prior misconduct is admissible to show motive, intent, absence of mistake or inadvertence, identity of offender, or a common plan, pattern or scheme. Fed.R.Evid. 404(b). Here, evidence that appellant was involved in the sale of at least three stolen vehicles prior to the time of his indictment would be probative of appellant's intent as well as his knowledge. The evidence involving the three stolen vehicles is relevant to the specific intent requirement of his conspiracy charge and established a course of dealing between he and his co-defendants. Thus, we hold the evidence is admissible to show intent, plan, and absence of mistake or accident, which is permissible under Rule 404(b). See United States v. Reese, 568 F.2d 1246 (6th Cir.1977).
 
 
 12
 Accordingly, the conviction of appellant is affirmed.
 
 
 
 *
 Honorable R. Allan Edgar, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Although appellant did not know everyone charged in the conspiracy, he was aware that other persons were involved with changing the vehicle identification numbers and the (counterfeit) Ohio titles
 
 
 [2]
 These vehicles were not mentioned in the indictment